## McCloskey *v.* Bells Gap R. R., Appellant.

*Negligence—Injury—Charge of court—Review.*

In an action by a passenger against a railroad company to recover damages for injuries resulting from the alleged negligent manner of coupling cars, the court charged : " It is necessary that cars be coupled together by the backing of the engine, but in doing that the employees of the company must do it in such a manner as not to strike the car with such force as to injure passengers sitting therein. If they did, it would be such an act of negligence as would entitle the plaintiff, or any person, to recover who suffered injury therefrom." In other parts of the charge the court repeatedly stated that plaintiff could not recover unless the injury was the result of the negligent conduct of defendant. *Held*, that the jury could not have understood that the fact of injury was the test of plaintiff's right to recover.

*Instructions as to damages.*

An instruction that the question of damages " is wholly and entirely in the province of the jury," is not ground for reversal, if the trial judge follows the general phrase complained of immediately and in the same sentence by a specific enumeration of the items of damages, and concludes with the direction that " all these taken together would be the amount that the plaintiff is entitled to recover."

*Remarks of counsel to jury—Review.*

Remarks of counsel to the jury are not reviewable by the Supreme Court.

Argued April 20, 1893. Appeal, No. 268, Jan. T., 1893, by defendant, from judgment of C. P. Clearfield Co., Sept. T.,

1888, No. 151, on verdict for plaintiff, Sallie L. McCloskey. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for injuries caused by defendant's negligence.

At the trial, before KREBS, P. J., the plaintiff offered evidence which tended to show that, on Oct. 21, 1886, she received a permanent spinal injury from the negligent manner in which the passenger car in which she was seated was coupled to a train at Coalport station on defendant's railroad.

The court, after charging that there could be no recovery unless the injury was caused by negligence on the part of the defendant, as stated in the opinion of the Supreme Court, further charged:

" [Now, gentlemen of the jury, it is also in evidence that when this lady got on this car she was apparently in good health, that is, if you believe the testimony of the witnesses, and that is a question for you, and that when she got off the car at Utahville, at the end of twenty minutes, a distance of four miles, if you believe the testimony of the witnesses, that before they spoke to her, or she to them, her actions coming from the depot indicated that something was the matter. Now, gentlemen of the jury, the latter incident amounts to nothing, unless there was this jarring of this car with such force as to cause this injury. It is necessary that cars be coupled together by the backing of the engine, but in doing that the employees of the company must do it in such a manner as not to strike the car with which the coupling is made with such force as to injure passengers sitting therein. If they did it would be such an act of negligence as would entitle the plaintiff, or any person, to recover who suffered injury therefrom. But whether or not that was done in this case is a question for the jury under all the evidence in the case.] [1] . . . .

" [If you find that there was negligence and your verdict is for the plaintiff, your next consideration would be how much is she entitled to for the injury done; and that question is wholly and entirely in the province of the jury, you have to determine that; and in so doing you will ascertain first, the actual expense of money that she may have shown by her testimony here that

she was at for doctors' bills and hired help, but only for such as has been shown by the testimony; then comes the question of loss of earning power, and then the question of mental and bodily pain that she has endured, and may endure in the future, and all these taken together would be the amount that the plaintiff is entitled to recover.] " [2]

Defendant's second point was as follows:

" 2. The mere fact of an injury to a passenger on a car while in course of transportation does not create or give rise to a presumption of negligence. Such presumption only arises when the accident alleged is of such a character as naturally to lead to a presumption that the same must have resulted from some negligent act or omission of the company or its employees. *Answer:* We affirm that point, and say in explanation, that the jury may more fully understand it, that if two trains were to run together at the head end or from the rear, and persons were killed or injured; in such a case the presumption of negligence would arise under the law, but in such a case as we are trying there is no presumption of negligence; the facts and circumstances are for the jury, and it is for them to say whether there was negligence or not."

Verdict and judgment for plaintiff for $6,031. Defendant appealed.

*Errors assigned* were (1, 2) instructions, quoting them; and (3) certain remarks of counsel for plaintiff in his closing address to the jury.

*Thomas H. Murray* and *Daniel J. Neff, Cyrus Gordon* with them, for appellant, cited: North Penn. R. R. v. Heilman, 49 Pa. 63 ; Glassey v. Hestonville R. R., 57 Pa. 172; R. R. v. McElwee, 67 Pa. 315; P. R. R. v. Barnett, 59 Pa. 259; Johnson v. Bruner, 61 Pa. 58; Federal Street Ry. v. Gibson, 96 Pa. 83 : Herstine v. R. R., 151 Pa. 252; P. R. R. v. Kelly, 31 Pa. 372; P. R. R. v. Adams, 89 Pa. 31.

*John H. Orvis, J. Frank Snyder* with him, for appellee, cited: R. R. v. Kelly, 31 Pa. 372 ; Com. v. Nicely, 130 Pa. 261 ; Com. v. Hanlon, 8 Phila. 423 ; Thompson v. Barkley, 27 Pa. 263 ; McCorkle v. Binns, 5 Bin. 339.

OPINION BY MR. JUSTICE MITCHELL, July 19, 1893:

The portion of the charge included in the first assignment would be clear error if it stood alone, for it made injury to the plaintiff, and not negligence, the standard of liability. But taken in its place and in connection with the rest of the charge it is quite clear that the mode of expression was a mere inadvertence, and was not meant by the learned judge to give the jury the fact of injury as a test of plaintiff's right to recover, nor could it have been so understood by them. On the contrary the true guide was given to them repeatedly, before, in immediate connection with, and after the sentence complained of. The learned judge began his charge by stating the first question for the jury to be " whether or not the injury of which the plaintiff complains was caused by the negligence of the servants " of defendant, and telling them distinctly that there could be " no recovery for any amount however small unless you are satisfied from the testimony that the injury was the result of the negligent conduct of the defendant company or its employees." He then defined negligence and affirmed the points of defendant on this subject, the second of which might justly have been complained of by the plaintiff but certainly not by the appellant. Again telling the jury explicitly that " the first and important question to determine is whether or not, under the circumstances as they are shown by the evidence here, there was negligence in the manner in which the connecting of this car was made," he reviewed the circumstances as claimed by the respective parties, and in so doing used the phrase which is assigned for error. The evidence of defendant in denial of any jar that could or did cause the injury was fairly rehearsed, and at the close the jury were again told, " now that is the sum and substance of it. . . . Upon this question of negligence you are to take it and consider first whether there was negligence on the part of the employees," etc. The question of damages was then taken up, and finally in the concluding paragraph, the words with which the case was put into the jury's hands, the learned judge said, " This is an important case. . . . it is for you to weigh this testimony, . . . . but if you find there was no negligence and that there was that reasonable degree of care which prudent and reasonable men would use under the circumstances, then your verdict must be for the

defendant." As already said, it is quite clear that the learned judge did not mean to give the jury any test of liability by the mere fact of injury. His expression was inadvertent, and probably no one would admit more readily than himself that it was not happily chosen, but it would be unjust, not only to him but to the appellee, to assume in the face of such reiterated declarations of the true test, that the jury could have been misled by this single phrase.

The same remarks apply to the charge in the second assignment. In view of the notorious and perverse tendency of juries not only to find verdicts in this class of cases for plaintiffs who are not entitled to anything, but also to give exaggerated amounts even in meritorious cases, any expression that tends to suggest to a jury that it is not subject to the strict control of legal principles, is undesirable, and may be erroneous, as was held in R. R. Co. v. Adams, 89 Pa. 31, and Collins v. Leafey, 124 Pa. 203. But in the present case the learned judge followed the general phrase complained of, immediately and in the same sentence, by a specific enumeration of the items of damage, and concluded with the direction that " all these taken together would be the amount that the plaintiff is entitled to recover." In view of this part of the charge we cannot say that the jury were left without a correct rule to guide them. The case belongs in this respect to the class of R. R. Co. v. Frantz, 127 Pa. 297.

In regard to the third assignment it is sufficient to say that the remarks of counsel to the jury are not reviewable here : Com. v. Nicely, 130 Pa. 261.

The verdict in the present case appears to us excessive and the plaintiff's right to recover at all questionable, but the remedy for these matters is not in our hands.

Judgment affirmed.