202        43
24 SC ²335

# Raughley *v.* West Jersey and Seashore Railroad Company, Appellant.

*Negligence—Railroads—Passenger—Alighting from car.*

In an action of trespass for negligence, if the plaintiff shows a good cause of action, the motive which inspires him to bring the suit, is immaterial and is not open to inquiry. The facts that plaintiffs are residents of New Jersey, that the cause of action happened there, and that they had previously brought a suit in the courts of New Jersey for the same cause of action, are immaterial.

Where a train has reached its terminus, and is at a standstill, it is the duty of the railroad company to give the passengers sufficient time to alight in safety before removing the train from the station. If the car is jolted or jarred or moved, as a result of an attempt at coupling, the effect is precisely the same as in the more usual case of the starting of a train while the passengers are getting off. Under such circumstances passengers are entitled to reasonable time to leave the cars in safety.

If by the coupling of a shifting engine, a car which has come to a standstill is so moved as to cause a passenger who is leaving the car to fall against the brake on the platform, and receive an injury, the duty which the railroad company owes to its passengers is violated.

In an action by a passenger against a railroad company to recover damages for personal injuries sustained while alighting from a train, the case is for the jury, and a verdict and judgment for plaintiff will be sustained, where the evidence of the plaintiff and of several witnesses called on her behalf tended to show that when the train reached its terminus and stopped, plaintiff arose from her seat with the other passengers, walked to the front of the car, went out upon the platform, faced to the right to go down the steps, and was in the act of reaching out to take hold of the hand rail with her left hand, when by a heavy jar of the car, caused by a coupling engine, plaintiff was thrown violently forward against the brake wheel and the hand rail of the car, and then back against the end of the car, the result being serious personal injury. Herstine v. Lehigh Valley R. R. Co., 151 Pa. 252, and McCloskey v. Bells Gap R. R. Co., 156 Pa. 254, distinguished.

MITCHELL and BROWN, JJ., dissent.

Argued Jan. 9, 1902. Appeal, No. 82, Jan. T., 1901, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1899, No. 726, on verdict for plaintiff in case of William C. Raugley and Lillie A. Raughley v. West Jersey & Seashore Railroad Company. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Brègy, J.

At the trial the court under objection and exception excluded evidence to the effect that the plaintiffs had previously brought an action in the Supreme Court of New Jersey upon the same cause of action. [1, 2]

Other facts appear by the opinion of the Supreme Court.

Defendant presented, among others, these points:

1. The fact that the plaintiff, Lillie A. Raughley, was thrown against the iron brake and fender of the car is not of itself sufficient evidence to justify the jury in finding that the shifting engine was coupled to the passenger coach, from which the said plaintiff was alighting, in a negligent and careless manner. *Answer:* Refused. [3]

7. The plaintiff, Lillie A. Raughley, is not entitled to recover anything except reasonable compensation for the physical pain and suffering she has endured. *Answer:* Refused. [4]

8. The fact that the plaintiffs are citizens of New Jersey and were so at the time of the accident and at the time of the beginning of the present suit, is a circumstance to be taken into consideration by the jury in determining whether the present action is brought in good faith or whether it is brought in a foreign jurisdiction for the purpose of avoiding a trial in a county where the plaintiffs reside and are presumably known; and if the jury should believe that the present action is not brought in good faith, but is an effort to collect from the company defendant damages not justly due, the verdict should be for the defendant. *Answer:* Refused. [5]

9. Under all the evidence of the case, the verdict should be for the defendant. *Answer:* Refused. [6]

Verdict and judgment for William C. Raughley for $3,500, and for Lillie A. Raughley $7,500.

*George Tucker Bispham*, for appellant.—The fact of bringing a suit in the jurisdiction, other than that in which the plaintiffs reside, is a suspicious circumstance: Merritt v. New York, New Haven & Hartford R. R. Co., 162 Mass. 326; 38 N. E. Repr. 447.

The mere fact that the plaintiff, Lillie A. Raughley, was thrown against the iron brake is not sufficient to warrant an inference that the defendant was negligent: Herstine v. Lehigh Valley R. R. Co., 151 Pa. 252.

*S. Morris Waln*, with him *John W. Wescott*, for appellees.— Except in cases governed by that clause of the federal constitution which gives "full faith and credit" in each state to the judgment of the courts of every other state, the courts of the several states are foreign to each other. Hence the plea of lis pendens in another state is not a defense to a suit between the same parties, for the same cause of action, at the same time in Pennsylvania: Smith v. Lathrop, 44 Pa. 326; Buffalo Coal Co. v. Rochester & State Line Ry. Co., 8 W. N. C. 126; Bowne and Seymour v. Joy, 9 Johns. (N. Y.) 221; Walsh & Gallagher v. Durkin, 12 Johns. 99.

The rule of law is that a common carrier is bound to exercise the utmost care in carrying passengers and is absolutely liable for injury to the passenger by the wanton, careless or negligent acts of its servants or defective machinery.

This rule of law depends upon the contract and is independent of the rule respondant superior: Haver v. Central R. R. Co. of New Jersey, 33 Vr. 282; Pittsburg, Fort Wayne & Chicago Ry. Co. v. Hinds, 53 Pa. 512; Rommel v. Schambacher, 120 Pa. 579; Pittsburg, etc., R. R. Co. v. Pillow, 76 Pa. 510; Lang v. Penna. R. R. Co., 154 Pa. 342; Duggan v. Baltimore, etc., R. R. Co., 159 Pa. 255.

Where a passenger is injured whilst the relation of carrier and passenger exists without any fault on his part, there is a legal presumption of negligence casting upon the carrier the onus of disproving it: Pittsburg, etc., R. R. Co. v. Pillow, 76 Pa. 513; Meier v. Penna. R. R. Co., 64 Pa. 225; Laing v. Colder, 8 Pa. 482; Duggan v. Baltimore, etc., R. R. Co., 159 Pa. 255; Hayman v. Penna. R. R. Co., 118 Pa. 511.

OPINION BY MR. JUSTICE POTTER, March 3, 1902:

This is an action by husband and wife to recover damages for injury to the wife (Lillie A. Raughley) received while alighting from a car of the defendant company. At the time of the accident, and when the suit was brought, the plaintiffs were residents of Berlin, New Jersey. On November 15, 1898, Mrs. Raughley took a train of the defendant, from Berlin to Camden. When the train reached the terminal station in Camden, it stopped, and the passengers began to leave the car. Mrs. Raughley testified that she arose from her seat, with the other passengers, and walked to the front of the car, came out upon the platform, faced to the right to go down the steps, and was in the act of reaching out to take hold of the hand rail with her left hand, when by a heavy jar of the car, she was thrown violently forward against the brake wheel and the hand rail of the car, and then back against the end of the car, the result being serious personal injury. She states that she tried to brace herself, but could not, and fell over against a lady who was standing on the steps below her.

This lady, Mrs. Bishop, stood with her niece, Deborah Anderson, on the lower steps of the platform. Mrs. Bishop describes the event as "a sudden jar"—"severe enough to throw my niece and myself." She caught her niece with one hand, and held on to the rail with the other, in order to save herself.

Miss Anderson testifies, "As we were getting off there was a very sudden jar, and it threw me nearly off my feet, and I would have fallen if my aunt had not caught me." She said it was a very bad jerk.

Mrs. Raughley is the only witness who attempts to assign any cause for the shock or jar. She states that after she was down on the platform, she saw that a locomotive had been run in against the end of the train. It is averred in the plaintiff's statement of claim that the defendant by its servants, negligently and carelessly ran its shifting engine against the car in which plaintiff was riding. The testimony upon the part of the plaintiff as to the jar, and the effect produced by it, is not directly contradicted by the defendant. The men employed on the train and on the shifting engine were called, but testified substantially to the general method of doing their work, and to the effect that they had no knowledge of the accident to Mrs.

Raughley at the time.    The conductor testified that he assisted passengers off between the first and second cars, and the brakeman performed the same service between the two rear cars. Mrs. Raughley was alighting from the platform at the front of the third car, where there was apparently no employee of the defendant in attendance, who saw what happened.

The trial judge instructed the jury that unless they believed from the evidence that there was such a jar, and that it was caused in the manner described by Mrs. Raughley, the verdict must be for the defendant, even though they might believe that it was caused by some other negligent act of defendant's servants.    So that the fact of the accident and its cause was left squarely to the jury.    The verdict must be considered as establishing the facts substantially in accordance with the plaintiffs' claim.

The first and second assignments of error are to the refusal of the learned trial judge to admit evidence of the fact that the plaintiffs had brought an action against the defendant company in the courts of New Jersey for the same cause of action.

The fifth assignment alleges error in the refusal of the court to charge the jury, in effect, that the fact that plaintiffs were residents of New Jersey was to be taken into consideration, to determine whether the action is brought in good faith, and if they should believe that it was not, the verdict should be for the defendant.

We cannot see any merit in either of these assignments.    If the plaintiffs showed a good cause of action, the motive which inspired them to bring the suit was immaterial, and was not open to inquiry.    Their cause must stand or fall upon the evidence, and the law applicable thereto.    Our courts are open to the citizens of New Jersey.    How then can any lack of good faith be imputed to them from the mere fact of the submission of their claims to the decision of our tribunals ?    Something more than this must be shown to justify any inference of bad faith.    These assignments cannot therefore be sustained.

The third specification of error raises the substantial question in this appeal.    The defendant by its third point requested the trial court to charge that " the fact that the plaintiff, Lillie A. Raughley, was thrown against the iron brake and fender

of the car is not of itself sufficient evidence to justify the jury in finding that the shifting engine was coupled to the passenger coach, from which the said plaintiff was alighting, in a negligent or careless manner."

This point was evidently based upon the idea that there could be no recovery unless the act of coupling was performed in an unusual or extraordinary manner. And that if no more force was used than was necessary to effect the coupling, there could be no liability for the act. The trial judge, upon the other hand, instructed the jury that if they found from the evidence that the shifting engine was run against the train with improper force, and thus jolted it while the passengers were getting off, the act would be negligence. Under the defendant's theory, negligence could only arise from the manner of the performance of the act, without regard to the time and place. Under the rule laid down by the trial court, the jury were at liberty to find negligence as the result of attempting to make the coupling while the passengers were in the act of alighting from the car.

The train, having reached its terminus, and being at a standstill, it was the duty of the defendant company to give the passengers sufficient time to alight in safety before removing the train from the station. If the car was jolted or jarred or moved, as a result of the attempted coupling, the effect was precisely the same as in the more usual case of the starting of a train while the passengers are getting off. It is well settled that under such circumstances passengers are entitled to reasonable time to leave the cars in safety: Penna. R. R. Co. v. Kilgore, 32 Pa. 292; Penna. R. R. Co. v. Peters, 116 Pa. 215.

And in Penna. R. R. Co. v. Lyons, 129 Pa. 119, the present chief justice said: "It was the duty of the company to give him a reasonable time to leave the train at the place of his destination, and it was his duty to use reasonable diligence and care in getting off there."

There is no criticism in this case of the manner in which Mrs. Raughley left the train, and nothing to indicate undue delay or lack of proper care upon her part. Nor is there any room for a distinction between the measure of duty owing to passengers alighting at the terminal point, as compared with that required at intermediate stations. It is manifest that the

sudden jarring or jolting of a train while passengers are right-fully passing out of the cars, is liable to cause accidents, and under such circumstances the act may properly be deemed negligence.

We cannot, therefore, agree with the appellant's theory that there can be no recovery unless it were shown that the shifting engine was coupled to the passenger coach in a negligent or careless manner. Unless by that is meant coupling in such a manner as to move or jar the car. If by the coupling of the shifting engine, the car was so moved as to cause the plaintiff to fall against the brake, and receive the injury described, the duty which the defendant owed to its passenger was violated.

The cases of Herstine v. Lehigh Valley R. R. Co., 151 Pa. 252, and McCloskey v. Bells Gap R. R. Co., 156 Pa. 254, cited by appellant, are not in point. In both these cases the plaintiff was a passenger seated in the car which was waiting on the track to be coupled to the train which was to carry him to his destination. The coupling of the car in these cases was therefore a necessary incident to the journey, and the railroad company owed to the passenger only the duty of performing the operation of coupling with due care and without negligence. If thus performed, there could be no liability for injuries that might result to the passenger.

Believing that in the present case, the trial judge applied the true rule of law, we must therefore overrule the third and seventh assignments of error.                                 .

The fourth and sixth specifications were not pressed at the argument, and do not therefore require discussion.

The judgment is affirmed.

MITCHELL and BROWN, JJ., dissent.