## Thomas Corkery *v.* Charles O'Neill, Appellant.

*Evidence—Objection to question as leading must be specific.*

Even if a question, the admission of which is objected to, was leading, no advantage of that can be taken in the appellate court unless it appears by the record that the specific objection was made at the time, so that the

examining party might have an opportunity to change the form of his interrogatory.

*Evidence—Orderly introduction of defendant's case.*

Where the defendant is called by the plaintiff for cross-examination, it is not error for the trial judge to refuse to permit defendant's endeavor to introduce his main defense by examination on matters which his examination by plaintiff had not opened up; more especially when the defendant was permitted fully to testify upon the matters in question when the time came for putting in his defense in an orderly manner.

*Order of testimony—Discretion of court—Review.*

The order in which evidence is introduced is matter within the discretion of the court below, and is not subject to review by the appellate court.

*Appeals—Defective assignments—Charge of court.*

Assignments are defective which challenge parts of the charge of the court, where the record shows neither an exception to the charge, nor a request that the court order the charge to be filed.

Argued Oct. 5, 1898. Appeal, No. 49, Oct. T., 1898, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1895, No. 71, on verdict for plaintiff. Before REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit to recover balance due on certain oral contracts.

The first witness called in the court below was Charles O'Neill, the defendant, who was called by the plaintiff for cross-examination. After the examination of the witness by plaintiff's counsel, defendant's counsel asked witness certain questions which were overruled by the court and exception granted in each case to the defendant, and which are the subject of two of the assignments of error.

Other facts appear in the opinion of the court.

Verdict and judgment for plaintiff for $955.75. Defendant appealed.

*Errors assigned* were (1) in refusing to permit defendant under cross-examination by plaintiff, to answer the following questions propounded to him while on the stand as witness by plaintiff's counsel: "Q. Have you paid Thomas Corkery any money on account of the money due him on this contract?" (Objected to. Objection sustained.) (2) "Q. Who furnished and paid for the material for plastering the house at 505 South

Broad street, used in the work under the contract of Thomas Corkery." (Objected to. Objection sustained.) (3, 4) After Charles O'Neill, the defendant, had been called by the plaintiff as for cross-examination, and had testified, Thomas Corkery, plaintiff, was called on his own behalf and the testimony of Charles O'Neill, the defendant, was read to the plaintiff, he being a witness on the stand, and the objection of defendant's counsel being overruled and exception granted to that method of proving plaintiff's case, is the subject of the third and fourth assignments of error. The fifth and sixth assignments of error are predicated upon the following statement of facts: The testimony had closed the night before; the plaintiff, Thomas Corkery, was placed upon the stand, and after being examined upon a number of subjects, the court used these words: "We want to know what was the agreement between these parties; what were the facts; what were the circumstances and what was the language used. I have been over the evidence and it does not seem to me there is anything for the jury on that point." (7) The learned court erred in saying to the jury: "The plaintiff has made out a prima facie case by showing that a certain amount of work was done by him for defendant, at a certain agreed upon price." (8) The eighth assignment is predicated upon a misstatement of the learned trial judge as to the testimony of Charles O'Neill.

*Francis S. Cantrell, Jr.,* and *Francis S. Cantrell,* for appellant. —The questions which are the subject of the first and second assignments of error were absolutely overruled and testimony excluded on the ground that it was not cross-examination.

The result of the court rejecting this testimony was to put the whole burden of the case upon the defendant, when it should have been borne by the plaintiff himself, the defendant being called and held down to the fact of the agreement, which was practically admitted in the affidavit of defense.

The third and fourth assignments of error are based upon the erroneous admission of leading questions.

It is also objectionable because the witness, being the plaintiff himself, should have been asked to give the conversation that took place between the plaintiff and the defendant at the time the contract was made without directing his attention spe-

cifically to any particular matter: Printing Co. v. Wehrly, 157 Pa. 407.

The misstatement made by the court of what the defendant said was fatal to this case, and the eighth assignment of error should be sustained and the judgment reversed.

*Bradbury Bedell*, for appellee.—As defendant was not cross-examined in any way upon the question of payments, it was not proper examination, was an attempt to introduce the defense at an improper time, and properly excluded by the court: Malone v. Dougherty, 79 Pa. 46 ; Boyd v. Conshohocken Mills, 149 Pa. 363; Breinig v. Meitzler, 23 Pa. 156; Helser v. McGrath, 52 Pa. 531; Mitchell v. Welch, 17 Pa. 339.

The questions objected to in the third and fourth assignments of error were entirely proper and were not leading under the circumstances: Kemmerer v. Edleman, 23 Pa. 143; Wilson v. McCollough, 23 Pa. 440.

When and under what circumstances a leading question may be put is a matter resting in the sound discretion of the court, and not a matter which can be assigned for error.

Appellant's fifth and sixth assignments of error are based upon an erroneous statement of the facts. The trial judge controls the time and manner of examining witnesses : Collins v. Freas, 77 Pa. 493.

Though a witness has been examined and cross-examined, the court may in its discretion permit either party to examine him again, even as to new matter, at any time during the trial : Curren v. Connery, 5 Binn. 488 ; even after counsel have begun their address to the jury—and is not the subject of error: Barnhart v. Pettit, 22 Pa. 135.

Appellant's seventh assignment of error is based upon a statement of the trial judge culled from his charge with the context omitted.

OPINION BY W. D. PORTER, J., January 18, 1899 :

This action was brought to recover a balance alleged to be due on a large number of oral contracts, under which the plaintiff had done plastering upon a score or more buildings. At the trial the principal facts disputed were: first, whether the plaintiff was to furnish the materials for the work upon four of

the contracts, and second, the amount of the credits to which defendant was entitled. The plaintiff called the defendant for cross-examination and examined him as to the terms of the various contracts and the work done under them. Defendant's counsel then endeavored to introduce his defense by interrogating his client, as to the payments which he had made and other matters which his examination by plaintiff had not opened up, the plaintiff's objections to this course of examination were sustained and upon exceptions to these rulings the first and second assignments of error are founded. As to these assignments of error, it is sufficient to say, that, the defendant did testify fully upon the very matters in question; he having been called in his own behalf, when the time came for putting in his defense in an orderly manner, and having answered the very questions which the court below, in the rulings complained of, excluded as not in order at that time. The first and second assignments of error are without merit. The third and fourth assignments may be considered together, they are based upon the rulings of the court upon the objections of the defendant to two questions which were asked the plaintiff. The objection of the defendant was in each case general. It is now very properly conceded by appellants' counsel that the only valid ground of objection to either of the questions was to its form, that it was leading. When called as for cross-examination, the defendant had testified that the plaintiff had agreed to furnish the materials for the two buildings referred to in the questions respectively. In examining the plaintiff, his counsel had the right to have him give his version of the agreements, as well as to direct his attention to this particular matter and ask him if he had agreed to furnish that material. Even if the question was a leading one, no advantage of that could be taken here unless it appears by the record that the specific objection was made at the time, so that the examining party might have an opportunity to change the form of his interrogatory: Kemmerer v. Edelman, 23 Pa. 143.

The fifth and sixth assignments are simply complaints against the order in which evidence was introduced. After the defendant had closed his testimony the court, against the objection of defendant, permitted the plaintiff to answer the two questions complained of, exceptions were taken and this action of the

court is assigned for error. The only objection to either of the questions was that the testimony ought to have been introduced in chief. This was a matter entirely within the discretion of the court below, and is not the subject of review here: Barnhart v. Pettit, 22 Pa. 135.

The remaining assignments of error are founded upon nothing. They attempt to assign for error parts of the charge of the court; whereas the record showed neither an exception to the charge, nor a request that the court order the charge to be filed of record. Such assignments cannot be considered: Curtis v. Winston, 186 Pa. 492.

Judgment affirmed.