# Glenn *v.* Philadelphia and West Chester Traction Company, Appellant.

| 206 | 135 |
| 211 | ²109 |

### *Evidence—Witness—Cross-examination.*

The cross-examination of a witness should be confined to matters in regard to which he has been interrogated in chief, or to such questions as may tend to show his bias, interest or relation to the party calling him, or test his knowledge, integrity and accuracy of statement. A party should not be permitted to establish his claim or to prove his defense by a cross-examination of the witnesses of his opponent. Such is not the purpose for which a witness is cross-examined. While this is the rule, yet the range of a cross-examination, to a very great extent, must be left to the sound discretion of the trial judge, and unless that discretion has been plainly abused, to the injury of the party complaining, it is not ground for reversal.

If part of a conversation be given in chief the rest of it may be elicited on cross-examination.

Where a witness has stated a fact he may be asked by the other party to detail all the circumstances within his knowledge which qualify it even though they may constitute new matter and form a part of his own case.

In an action by a woman against a street railway company to recover damages for personal injuries, a physician called by the defendant testified that he had concealed from the plaintiff while he was treating her professionally, and, as she thought, as her own physician, the fact that he was surgeon of the company, in order that he might secure information which would place him in a position " to be ready for anything that might come in the future." Subsequently plaintiff came to the physician at his request, and he testified that he told her that he thought he could get some compensation for her from the company. He was then asked on cross-examination if in that conversation he did not deny to plaintiff that he was the surgeon of the company. *Held,* that the cross-examination was proper, as it elicited the balance of the conversation, part of which the witness had given, and also tended to impeach his credibility.

### *Injuries—Street railways—Damages—Wages.*

In an action against a street railway company to recover damages for personal injuries, where the plaintiff states the amount of her wages at the time of the accident, and that she was obliged to " lay off " from her work for a certain number of weeks, it is not error for the court to instruct the jury that she could recover for wages lost.

Argued March 27, 1903. Appeal, No. 13, Jan. T., 1903, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1900, No. 492 on verdict for plaintiff in case of Julia R. Glenn *v.* Philadelphia and West Chester Traction Company. Before

MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ.
Affirmed.

Trespass to recover damages for personal injuries.   Before
BRÉGY, J.

At the trial it appeared that plaintiff was injured on the
night of November 27, 1900, by falling off one of defendant's
electric ears.   Plaintiff testified that at the time of the acci-
dent she received $6.00 per week, and that she was laid off
from her work by reason of her injuries for six or eight weeks.

The court charged in part as follows :

The pain and suffering ought to be considered and such a
a lump sum as you think would be proper for the amount of
pain and suffering that the person will undergo as a conse-
quence of the injury should be added to any sum that you
think is direct compensation for money paid out or wages lost,

Verdict for plaintiff for $4,700 upon which judgment was
entered for $2,000, all above that amount having been remitted
by plaintiff.

*Errors assigned* were (1–5) the rulings on evidence referred
to in the opinion of the Supreme Court ; (6–10) portions of
charge, quoting them.

*S. Davis Page*, for appellant.—Whatever may be the latitude
as to cross-examination in England, in America it is generally
confined to matters stated or assumed in the examination in
chief of the same witness :    Taylor on Law of Evidence (8th
Eng. ed.), sections 1432, 1435 & pages 1225, 1227 ; Phila., etc.,
R. R. Co. v. Stimpson, 39 U. S. 448 ; Stafford v. Fargo, 35
Ill. 481.

The test of whether a fact inquired of in cross-examination
is collateral is this : Would the cross-examining party be
entitled to prove it as a part of his case, tending to establish
his plea?   Hildeburn v. Curran, 65 Pa. 59 ; Spenceley v. De
Willott, 7 East. 108 ; Lawrence v. Barker, 5 Wendell, 301 ;
Ellmaker v. Buckley, 16 S. & R. 72 ; Floyd v. Bovard, 6 W.
& S. 65 ; Elliott v. Boyles, 31 Pa. 65.

A witness cannot be cross-examined as to any fact which

is collateral or irrelevant to the issue, merely for the purpose of contradicting him by other evidence, if he denies it: Ware v. Ware, 8 Maine, 42 ; Beak v. Hood, 185 Pa. 32 ; Cameron v. Montgemery, 13 S. & R. 128 ; Ott v. Houghton, 30 Pa. 451 ; Batdorff v. Farmers' Nat. Bank, 61 Pa. 179 ; Com. v. Mosier, 135 Pa. 221 ; Fitzpatrick v. Riley, 163 Pa. 65.

*L. L. Smith*, for appellee.—It is elementary law that if part of a conversation is given, the other side is entitled to the whole of it: Walsh v. Porterfield, 87 Pa. 376 ; Steckel et al. v. Desh, 2 Penny. 303.

And, of course, any question on cross-examination going to show the capacity, intelligence or bias of the witness is proper: Huoncker v. Merkey, 102 Pa. 462–467.

The test of what is collateral, as expressed in Hildeburn v. Curran, 65 Pa. 59, so much relied on by the appellant, is of very little service in the present class of cases, and is not generally accepted. 1 Greenleaf on Evidence (16th ed.), 461 *f*, points this out clearly : Cameron v. Montgomery, 13 S. & R. 128 ; Gaines v. Com., 50 Pa. 319 ; Hester v. Com., 85 Pa. 139 ; Com. v. Goersen, 40 Legal Int. 484 ; Day v. Stickney, 96 Mass. 255 ; Martin v. Farnham, 25 N. H. 199 ; Phenix v. Castner, 108 Ill. 207 ; People v. Brooks, 131 N. Y. 321 (30 N. E. Repr. 189).

In Best on Evidence (Chamberlayne's ed.) p. 633 n., it is said that the veracity and bias of a witness are deemed relevant to the issue, and the answer of the witness involving these considerations may be contradicted.

OPINION BY MR. JUSTICE MESTREZAT, May 11, 1903 :

It is well settled in this state that the cross-examination of a witness should be confined to matters in regard to which he had been interrogated in chief, or to such questions as may tend to show his bias, interest or relation to the party calling him, or test his knowledge, integrity and accuracy of statement. A party should not be permitted to establish his claim or to prove his defense by a cross-examination of the witnesses of his opponent. Such is not the purpose for which a witness is cross-examined. While this is the rule, yet the range of a cross-examination must, to a very great extent, be left to the sound discretion of the trial judge, and unless that discretion

has been plainly abused, to the injury of the party complaining, it is not ground for reversal : Bohan, v. Avoca Borough, 154 Pa. 404.   If part of a conversation be given in chief, the rest of it may be elicited on cross-examination : West Branch Bank v. Donaldson, 6 Pa. 179 ; Stevenson v. Hoy, 43 Pa. 191.   In Markley v. Swartzlander, 8 W. & S. 172, it was held, SERGEANT, J., that a party may cross-examine as to the res gestæ given in evidence, though it be new matter.   And in Bank v. Fordyce, 9 Pa. 275, Chief Justice GIBSON said that a party is entitled to bring out every circumstance relating to a fact which an adverse witness is called to prove.   In Jackson v. Litch, 62 Pa. 451, it is said that the authorities clearly establish that where a witness has stated a fact, he may be asked by the other party to detail all the circumstances within his knowledge which qualify it, even though they may constitute new matter and form a part of his own case.   In that case, SHARSWOOD, J., speaking for the court, says : " I have not been able to find a single case in which this court has reversed on that ground (leading out new matter on cross-examination constituting the party's own defense)."   After a review of the authorities, he continues : " It may be concluded from these authorities that in order to reverse, it must be an extreme case, in which discretion has been abused and in which it is apparent that the party has been injured."   In Hughes v. Westmoreland Coal Co., 104 Pa. 207, TRUNKEY, J., delivering the opinion, says : " This court has rarely, if ever, reversed for an error in permitting a violation of the rules relating to cross-examination which do not result to the prejudice of a party."

The first, second and fourth assignments allege error in permitting certain questions to be asked the defendant's witness, Thomas, on cross-examination.   The third assignment complains of the refusal of the court to strike out Thomas's answer to a question on cross-examination, and the fifth assignment alleges error in permitting the plaintiff, in rebuttal, to impeach the credibility of the witness, Thomas, by denying the truth of his statement on cross-examination.   We are satisfied that the cross-examination of the witness was proper and that it would have been error to exclude it.   Thomas was the surgeon of the defendant company, and the plaintiff was taken to his office shortly after she had received her injuries on the night of No-

vember 29, 1900, and he prescribed for her.   He continued to treat her professionally for some time after the accident.   On the trial of the cause, he was called as a witness by the defendant company.   Having testified in chief that the plaintiff came to his office that night, that he inquired what the trouble was, that "she made no complaint of tenderness about the hip, in answer to questions of that kind she said there was no tenderness there," and that he had instructed her to go home and that he would see her in the morning, he was then asked on cross-examination, if the plaintiff did not tell him in that conversation "what sort of a fall she had." The witness had given a part of the conversation that occurred that evening in his office between him and his patient, and the cross-examination tended to disclose the other part of the conversation.   This was clearly competent.

In April, 1901, after the plaintiff had instituted this action, she called on Dr. Thomas for the purpose of having an examination made preparatory to the trial of the cause.   She told him the purpose of the examination, but he did not disclose to her that he was the surgeon of the company, of which fact she was ignorant.   He at this time made a careful examination in order that, as he testifies, " I might be ready for anything that might come in the future." He says he withheld from the plaintiff the knowledge that he was the company's surgeon that he might make a settlement of the case.   Subsequently to the examination and in response to his request, she came to see him, and he testifies that he then told her he thought he could get from the company compensation " for loss of time and that sort of thing." The plaintiff's counsel then asked him, if in that conversation he did not deny that he was the surgeon of the company, and that if the conversation, as narrated in the question, did not take place between them.   This was admitted under objection by defendant, and he denied that the conversation had occurred.   The question was then asked the plaintiff, and she contradicted the defendant and testified that the conversation did take place.   There was no error in either of these rulings.   The question was proper cross-examination, as it elicited the balance of a conversation, part of which the witness had given, and also tended to impeach his credibility.   From his own testimony it appeared that he had concealed from the

plaintiff, while he was treating her professionally and, as she thought, as her own physician, that he was surgeon of the company, in order that he might secure information which would place him in a position " to be ready for anything that might come in the future." The cross-examination complained of was " directed to the situation of the witness, his relations with the party calling him, and his zeal or bias as shown by his conduct," and was, therefore, admissible: Bech v. Hood, 185 Pa. 32. Where the witness discredits himself in his examination in chief, a liberal cross-examination should be permitted which tends to attack his conduct and impeach his credibility. Thomas was a very important witness for the defendant. The question put to him on cross-examination tended to impeach his credibility and impartiality as to matters in this case, and his replies were, therefore, subject to contradiction.

The jury were not misled by the remarks of the trial judge, complained of in the ninth assignment of error. They merely elaborated what he had already said in his general charge on the subject, which it is alleged was erroneous. Nor is there any merit in the sixth, seventh and tenth assignments, in which exception is taken to certain portions of the charge. While the learned judge presented to the jury the supposed theories of both parties as to how the plaintiff was injured, he left it to them to say "how it did happen." It could not be presumed that the plaintiff was paid her wages when she was " laying off " but rather the contrary presumption would prevail. The testimony having fixed the wages the plaintiff was receiving at the time of the accident, the jury could properly be allowed to consider the loss she sustained by being deprived of them during her enforced idleness.

The judgment is affirmed.