## Fitzpatrick, Appellant, v. Union Traction Company.

*Negligence—Contributory negligence—Charge of court—Harmless error.*

In an accident case it is improper for the court to instruct the jury that the plaintiff cannot recover unless he proved that he was in nowise guilty of any negligence that contributed to the injury. Such an instruction imposes upon the plaintiff the burden of showing affirmatively that he was not guilty of contributory negligence. This is more than he was required to do. It is sufficient that his own evidence does not disclose any contributory negligence. A judgment, however, will not be reversed for such error where it appears that the court subsequently gave full, ample and proper instructions, so that the jury could not have been misled.

The general effect of the charge of the court, rather than a casual expression of it must govern the interpretation or construction of it.

It is improper to assign as error the entire charge of the court without pointing out specific errors.

While the trial judge may not decide a disputed question of fact when the averments of the parties in its support or denial are sustained by reasonable proof, he may express his opinion respecting the evidence, and at times it is his duty to do so.

*Appeals—Assignments of error—Evidence.*

A judgment will not be reversed because of the exclusion of certain testimony where the party is subsequently permitted to testify to substantially the same allegations as those contained in the rejected offers.

Argued Jan. 26, 1903. Appeal, No. 224, Jan. T., 1902, by plaintiff, from judgment of C. P. No. 2, Phila. Co., June T., 1898, No. 296, on verdict for defendant in case of Thomas H. Fitzpatrick v. Union Traction Company. Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SULZBERGER, J.

At the trial it appeared that plaintiff was injured on December 14, 1897, by a collision with a wagon which he was driving and a car of the defendant company.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) extracts from the charge quoted in the opinion of the Supreme Court ; (2) the charge as a whole, quoting it; (3–6) exclusion of certain offers of evidence, quoting the bill of exceptions.

*G. W. Pepper*, with him *W. B. Bodine, Jr.*, for appellant.

*Thomas Leaming*, with him *Thad. L. Vanderslice*, for appellee.

OPINION BY MR. JUSTICE POTTER, May 25, 1903 :

The first assignment of error is based upon the following extract from the charge of the learned trial judge, " In order that he (the plaintiff) should be entitled to damages he must prove two things to you, first, that he was in no wise guilty of any negligence that contributed to the injury." Taken by itself this was clearly an erroneous statement of the law, for it would impose upon the plaintiff the burden of showing affirmatively that he was not guilty of contributory negligence. This is more than he is required to do. It is sufficient that his own evidence does not disclose any contributory negligence. The court below evidently made the statement complained of, inadvertently, as his intention, as gathered from other portions of the charge, was merely to instruct the jury that before a recovery could be had by the plaintiff, they must find two things, first, that he was not guilty of contributory negligence, and secondly, that the defendant was negligent. The court gave substantially that instruction to the jury at the conclusion of the charge, in the following language : " The facts are for you. The value of the testimony is for you. If the plaintiff, without any fault of his own, was injured by the fault of the defendant's motorman, then he can recover, and if he can recover, he can recover according to the measure of the damages I have given you. If, however, he in the smallest degree contributed himself to the injury, he cannot recover. Moreover, he cannot recover if, however innocent the plaintiff was, the motorman did nothing wrong. If the motorman did his duty simply, and, in consequence of some other set of circumstances, not known to us, the accident happened, then the plaintiff cannot recover. It requires negligence in the defendant and freedom from negligence in the plaintiff, both to enable the plaintiff to recover." We think these instructions fully corrected the inaccuracy of the expression used in the former part of the charge and gave to the jury a plain and accurate statement of the law.

The general effect of the charge of the court, rather than a casual expression in it, must govern the interpretation or construction of it: Kyle v. Southern Elec. Light & Power Co., 174 Pa. 570 ; McCloskey v. Bell Gap R. R. Co., 156 Pa. 254. The first assignment of error is therefore not sustained.

The second specification is practically, as was the case in Drenning v. Wesley, 189 Pa. 160, " to the entire charge of the court. No specific error is pointed out to us by the assignment and therefore no discussion of it is called for." We have however carefully examined the charge in the light of this assignment. The appellant admits that the charge, with the exception of the portion covered by the first assignment, does not contain any misstatement of law. But it is contended that " it amounted to an argument in favor of the defendant and is replete with comments on the testimony which are unwarranted and which prejudiced the plaintiff's case before the jury."

Our reading of the charge does not so impress us ; we find no misstatements of the evidence, and no unwarrantable conclusions. As this court said in Newhard v. Yundt, 132 Pa. 324, in answer to a somewhat similar criticism of a charge : " nor were there any such expressions of opinion upon the facts as would amount to error, under the authority of Ditmars v. Com., 47 Pa. 335, where it was held that it is often proper for the court to express an opinion upon the facts, provided care is taken not to infringe the province of the jury. In referring to the testimony and to the names of the witnesses by whom it is given, much latitude must necessarily be allowed in a charge, and where there is nothing in it that is unfair or misleading or that withdraws the facts from the jury, we cannot reverse. We are not prepared to say that either of these defects appears in this charge. If it can be said to lean somewhat toward the plaintiffs it may be due to the strength of their case."

In Fredericks v. Northern Central R. R. Co., 157 Pa. 103, Mr. Justice GREEN said, on page 128 : " The complaint that the judge expressed an opinion on the facts . . . . is without merit. In the case of Leibig v. Steiner, 94 Pa. 466, we said, A judge may give his opinion freely on the weight and value of evidence for he is the best and safest adviser of the

jury; but he has no authority to decide any question of fact, when the party affirming it has sustained his averment by any reasonable proof. Very strong expressions of opinion on the facts are tolerated, indeed sometimes may be necessary. . . . Exceptional cases arise where it is the duty of the judge to express his opinion of the facts and guide the mind of the jury to a correct view of the evidence; and, therefore, it has been settled that when he does so without misleading or controlling them in the disposition of the facts, there is no ground for reversing."

In Price v. Hamscher, 174 Pa. 73, our Brother FELL says on page 78: "While a judge may not decide a disputed question of fact when the averments of the parties in its support or denial are sustained by reasonable proof, he may express his opinion respecting the evidence, and at times it is his duty to do so."

It may be admitted that in the present case there was a rather strong intimation of the opinion of the court upon certain facts, but as the case was left fully and clearly to the jury, we see nothing which calls for reversal in this respect.

In the remaining assignments of error the appellant complains of the exclusion of certain offers of testimony. Even if this were shown to be error, it would be harmless. For the plaintiff was permitted to testify to substantially the same allegations as those contained in the rejected offers, and the testimony was thus before the jury for whatever it was worth.

The assignments of error are all overruled and the judgment is affirmed.