# Hicks, Appellant, v. Harbison-Walker Company.

*Evidence—Release of damages—Parol evidence—Negligence.*

In an action to recover damages for personal injuries where the defendant sets up a release of damages, the court commits no error in charging that the release is an effectual bar to recovery, where it appears that the release was not given until several months after the accident, that the plaintiff's testimony that he signed it merely as a receipt for money given him as a donation, is not corroborated and is contradicted by two witnesses, and that the plaintiff who could not read, did not request that the release should be read to him, or that its contents should be made known to him through a disinterested person.

It is error to submit a question of fraud to a jury to overturn a written instrument upon slight parol evidence. The evidence of fraud in such cases must be clear, precise and indubitable, otherwise the case should be withdrawn from the jury.

*Evidence—Cross-examination—Witness—Harmless error.*

A party cannot complain that he was not allowed to cross-examine a witness as to a matter alleged to be pertinent, where it appeared that he subsequently called the witness himself, and had full opportunity to have him testify as to the matters contained in the rejected offer.

Argued April 20, 1905. Appeal, No. 115, Jan. T., 1905, by plaintiff, from judgment of C. P. Huntingdon Co., Sept. Term, 1902, No. 24, on verdict for defendant in case of Joel Hicks v. The Harbison-Walker Company. Before DEAN, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WOODS, P. J.

The facts appear by the opinion of the Supreme Court.

When C. B. Lukens, a witness for defendant, was on the stand he was asked the following question:

Q. What was said as an inducement for Mr. Hicks to sign this paper?

Mr. W. M. Henderson: That is objected to as not cross-examination.

Mr. Beers: I proposed to ask the witness what was done and said at the time Mr. Hicks signed this paper as an inducement.

Mr. W. M. Henderson: The offer is objected to for the reason that it is not cross-examination; the witness was not asked as to anything that occurred, save the placing of the signature of the plaintiff to the paper and his placing his name upon it as a witness.

The Court: The plaintiff can call the witness for himself. We will sustain the objection and seal a bill of exceptions for plaintiff. [11]

The court charged in part as follows:

[The testimony on the part of the plaintiff reveals the fact that he was called upon while he was at his work and that he was told that he was going to get a donation and that he said he would not sign any paper, release or anything of that kind. Now, gentlemen of the jury, he had an hour or so to consider that, and when he went into the office it was his duty to acquaint himself with the contents of that paper and he intended to and finally did sign.] [5]

He admitted that he signed it but he stated that it was done on account of the representation on the part of the company, because he cannot read. It is the duty of every man when he cannot read to inform himself of the contents of a paper before he signs it. He could have taken it home and looked it over; he could have brought some one in and had it read. It is his duty to acquaint himself with the contents of the paper, he failed to do it; and, gentlemen of the jury, that is binding on him. If any of you gentlemen have been administrators of estates and have settled up the estate, paid the heirs their money and you took a release, would you say because the person who signed that release stated that he did not know that was a release, it would not be binding upon him? [6]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) in giving binding instructions for defendant; (5, 6) portions of charges as above, quoting them; (11) rulings on evidence, quoting the bill of exceptions.

*L. H. Beers* and *W. B. Simpson*, with them *J. R. Simpson*, for appellant.—In case of uneducated, ignorant persons, the burden of showing the fairness of the transaction is thrown upon the person who seeks to obtain the benefit of the contract: Hough v. Hunt, 2 Ohio, 495 ; Hall v. Perkins, 3 Wend. 626 ; Trambly v. Ricard, 130 Mass. 259 ; Selden v. Myers, 61 U. S. 506 ; Ills. Cent. R. R. Co. v. Welch, 52 Ill. 183 ; Schuylkill Co. v. Copley, 67 Pa. 386 ; Johnston v. Patterson, 114 Pa. 398 ; Ettinger v. Jones, 139 Pa. 218 ; Gibson v. R. R. Co., 164 Pa. 142.

If the contents of the release were misrepresented to the plaintiff, an illiterate man, and it was not read or explained to him, a question of fact was raised, which was for the jury and not the court: McAboy v. Johns, 70 Pa. 9 ; People's Nat. Gas Co. v. Millbury, 2 Mona. 145 ; Templeton v. Shakley, 107 Pa. 370.

*R. A. Henderson*, with him *H. L. Henderson* and *W. M. Henderson*, for appellee.—If a party who can read will not read a deed put before him for execution ; or if, being unable to read, will not demand to have it read or explained to him, he is guilty of supine negligence, which is not the subject of protection either in equity or at law : Penna. R. R. Co. v. Shay, 82 Pa. 198 ; Clayton v. Traction Co., 204 Pa. 536 ; Greenfield's Estate, 14 Pa. 489 ; Gibson v. R. R. Co., 164 Pa. 142 ; Clark v. R. R. Co., 24 Pa. Superior Ct. 609 ; Sylvius v. Kosek, 117 Pa. 67.

OPINION BY MR. JUSTICE POTTER, June 22, 1905 :

This was an action to recover damages for personal injuries received by the plaintiff while in the employ of the defendant company. The plaintiff was a molder of fire brick, and while so engaged, his duty required him to use the doors of the brick kilns while pushing in trucks loaded with molded brick. On the morning of the accident, in attempting to pull down a door, the counterbalancing weight fell, and struck the plaintiff,

causing severe injury. He was unable to work for several weeks, but when able to do so returned, and continued in the employ of the defendant company, at his former occupation. The accident occurred on August 24, 1901, and on December 7, 1901, the superintendent of the works, under instructions, paid the plaintiff $25.00 and took from him a release in full for all damages. The payment was made by means of a check, which the plaintiff took to a store, where he indorsed the check and received the money for it.

Two days afterwards he sent his wife to the superintendent of the defendant company, and offered to return the money, but it was refused.

About nine months afterwards, the plaintiff brought this suit averring that his injury was caused by the negligence of the defendant company. At the trial the release was offered in evidence, and its execution was admitted, but the plaintiff endeavored to set it aside, upon the ground of misrepresentation of its contents to him by the superintendent.

The learned trial judge was of opinion, that the release, in view of the evidence, was an effectual bar to recovery, and so instructed the jury. If the court below was correct in this view, it is controlling, and no other question need be considered in the case.

It is not suggested that the plaintiff was lacking in mental capacity, but it is alleged that he was unable to read. He testified that the paper which he signed was represented to be a receipt for the money which was given him as a donation; but his testimony in this respect is not corroborated. It is in fact contradicted by the testimony of Mr. Lewis, the superintendent, and in so far as what happened in the office is concerned, by Mr. Lukens, the subscribing witness to the execution of the release.

The execution of the paper was not a sudden movement, for it seems that the superintendent went out into the works and told the plaintiff what it was proposed to do, and asked him to come into the office at noon and sign the paper, and get his money. If the plaintiff could not read the release, and had any doubt as to its contents, he should have requested that it be read to him; or he could have taken it away, and informed himself, at his leisure as to its terms, through an entirely disin-

terested person. As Chief Justice GIBSON said in Greenfield's Estate, 14 Pa. 489 : "If a party who can read, will not read a deed put before him for execution; or if being unable to read, will not demand to have it read or explained to him, he is guilty of supine negligence, which I take it, is not the subject of protection, either in equity or at law." The present question is similar to that raised in DeDouglas v. Traction Co., 198 Pa. 430, in which it was held, in language quoted from Penna. Railroad Co. v. Shay, 82 Pa. 198, that it is " error to submit a question of fraud to the jury to overturn a written instrument upon slight parol evidence. The evidence of fraud in such cases must be clear, precise and indubitable, otherwise the case should be withdrawn from the jury."

Under the eleventh assignment of error, the appellant complains that he was not allowed to cross-examine the subscribing witness to the release, as to what was said and done at the time the plaintiff signed the release, as an inducement. The trial judge sustained the objection on the ground that it was not proper cross-examination. We think the ruling was correct, but in any event the plaintiff did not suffer by it, as he afterwards called the witness himself, and had full opportunity to have him testify as to the matters contained in the rejected offer.

We are satisfied that under the evidence with regard to the execution and delivery of the release, the learned trial judge committed no error in instructing the jury to' find for the defendant. The assignments of error are dismissed and the judgment is affirmed.