## Stull v. Johnson, Appellant.

*Trial — Charge — Comment upon evidence — Father testifying against veracity of daughter.*

A trial judge cannot be convicted of error in calling attention in a proper way to the unusual spectacle of a father testifying against the truth and veracity of his daughter, where the comments are made without misleading or controlling the jury.

Argued May 4, 1915. Appeal, No. 152, April T., 1915, by defendant, from judgment of C. P. Cambria Co., Sept. T., 1913, No. 49, on verdict for plaintiff in case of Carrie N. Yoder Stull, Administratrix of Harry Yoder, deceased, v. John A. Johnson. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit for money loaned. Before STEPHENS, P. J.

Verdict and judgment for plaintiff for $585. Defendant appealed.

*Error assigned* was portion of the charge quoted in the opinion of the Superior Court.

*Harvey Roland,* with him *J. W. Leech,* for appellant.— The general principles involved are, that it is error for the court to single out a particular witness, or set of witnesses, or the witnesses of one party, for instruction as to bias, interest, and so forth, unless so limited by the evidence; or to submit a fact as to a witness or other matter, without evidence; or to charge so as improperly to discredit a witness; or to charge so as to lead or mislead the jury to the injury of a party; or to misstate or assume a fact as to a witness or other matter to the injury of a party: Heslop v. Heslop, 82 Pa. 537; Cross v. Tyrone M. & M. Co., 121 Pa. 387; Webb v. Lees, et al., 149 Pa. 13; Trexler v. Africa, 33 Pa. Superior Ct. 395; Mellor v. Smyth, 220 Pa. 169; Lerch v. Hershey Transit Co., 246 Pa. 473.

*Charles C. Greer,* with him *Russell R. Yost,* for appellee.—The remark was not only natural and proper under the circumstances, but the episode was referred to in a particularly impartial way and is to be carefully distinguished from such remarks as improperly seek to lead a jury: Leibig v. Steiner, 94 Pa. 466; McNeile v. Cridland, 6 Pa. Superior Ct. 428; Springer v. Stiver, 16 Pa. Superior Ct. 184; Spear v. P. & W. & B. & R. Co., 119 Pa. 61; Krider v. Philadelphia, 180 Pa. 78; Com. v. Martin, 34 Pa. Superior Ct. 451; Miller v. Miller, 187 Pa. 572; Enright, Pittsburgh, Etc., v. Railroad Co., 204 Pa. 543; Fredericks v. North Cent. R. R. Co., 157 Pa. 103; Fitzpatrick v. Union Traction Co., 206 Pa. 335; Com. v. Schults, 221 Pa. 466.

OPINION BY ORLADY, J., October 11, 1915:

The single assignment of error is to the remarks of the trial judge in his charge to the jury in commenting on the testimony of one of the witnesses, viz: "There occurred in this case one of the most marvelous things that we have ever experienced, namely, that a father would go upon the witness stand and testify that his two grown daughters—now women and mothers of children —are of such bad repute for truthfulness that he would not believe them on oath. We do not believe that any man on this jury has ever witnessed such a thing. It is quite a common thing for people to quarrel and for people to testify to each other's reputation for truth and veracity, but when a father is called upon it is a problem for you to determine whether it was from a conscientious duty, or because of some feeling of enmity toward his children." It must be conceded that such a spectacle as here indicated is so unusual as to challenge at once the attention of the jury, and the fairness of mind of so exceptional a parent. The causes leading to such a mental attitude were not developed, and it was not improper to have the jury gravely consider the testimony of so extraordinary a witness. The trial judge did not mislead or attempt to control the jury; he made no misstatement of an evidential fact, but fairly left the credibility of this witness to the consideration of the jury. In certain cases, it becomes the duty of the judge to express his opinion, so long as this is done in a manner which does not withdraw from the jury its right to consider, and decide under all the evidence. Commonwealth v. Martin, 34 Pa. Superior Ct. 451. And there may be, without error, a rather strong intimation of the opinion of the court upon certain facts when the case is left fully and clearly to the jury: Fitzpatrick v. Traction Co., 206 Pa. 335, and refer to the lack of credibility of the testimony of a witness. Gender v. Bachman, 8 Pa. Superior Ct. 405; Com. v. Schults, 221 Pa. 466. The incident was unprecedented, and the remark of the

trial judge but emphasized the importance of weighing the testimony of both father and daughter.

There was no reversible error in the manner of submitting the question in controversy, and the judgment is affirmed.