## Markowitz, Appellant, *v.* Urban et ux.

*Real estate—Landlord and tenant—Eviction—Trials—Cross-examination—Parol agreement for exchange of real estate.*

Where, in an action to recover possession of a farm, the landlord testifies in direct examination that he sold the plaintiff some land, he may be asked on cross-examination the details of the sale, even although he had not been interrogated on the same in chief, and notwithstanding the fact that such cross-examination served to develop the defendants' case. Having given his version of the arrangement under which he permitted the defendants to move into the house, it was entirely proper to permit the defendants to cross-examine him as to all that was said and done at the time, even although the result might be to bring out the facts upon which the defendants relied for their defense.

Where a landlord asserts a verbal lease, it is permissible on the part of the defendants to produce evidence to establish that they were purchasers under an oral agreement for the sale of real estate, and where the evidence shows that the defendants entered into the possession of the land and made improvements thereon, and that they came into such possession through an exchange of lands, the case is for a jury and a verdict for the defendants will be sustained.

Argued October 24, 1921.    Appeal, No. 11, Oct. T., 1921, by plaintiff, from judgment of C. P. Centre Co., Sept. T., 1916, No. 171, on verdict for defendants in the case of Samuel Markowitz v. William Urban and Waraneka Urban.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.    Affirmed.

Appeal from judgment of justice of the peace in landlord and tenant proceedings for possession of real estate. Before QUIGLEY, P. J.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of the defendant. Plaintiff appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal of motion for new trial.

*S. D. Gettig,* and with him *John J. Bower,* for appellant.—It was error to permit the cross-examination of the plaintiff in matters not testified to in chief, and thus establish the defendants' case: Thomas & Sons v. Loose et al., 114 Pa. 35; Berkey v. Berwind-White Coal Mining Co., 229 Pa. 417; Keystone Brewing Co. v. Varzaly, 39 Pa. Superior Ct. 155; Hughes v. Westmoreland Coal Co., 104 Pa. 207; Philadelphia & Gulf Stream Ship Company v. Clark, 59 Pa. Superior Ct. 415 and 427; Everhart v. Dolph, 133 Pa. 628; Woods v. Farmare, 10 Watts 195; Sage v. McGuire, 4 W. & S. 228; Ludwig v. Leonard, 9 W. & S. 44; Frye v. Shepler, 7 Pa. 91; Burns v. Sutherland, 7 Pa. 103; Aitkin's Heirs v. Young, 12 Pa. 15; Greenlee v. Greenlee, 22 Pa. 225; Dougan v. Blocher, 24 Pa. 28.

The evidence of the defendants' title was not sufficiently full, complete and indubitable to warrant the submission of the case to the jury.

*N. B. Spangler,* and with him *Ivan Walker* and *W. G. Runkle,* for appellee.

It was proper to allow the defendant to cross-examine the plaintiff as to the particulars of the transactions between them.

A parol agreement for the exchange of lands established by clear, precise and indubitable evidence and consummated by actual possession is not within the statute of frauds: Jackson et al. v. Litch, 62 Pa. 451; Glenn v. Phila. & West Chester Traction Co., 206 Pa. 135; Hunter v. Voigt, 8 Pa. Superior Ct. 486 and 487; Brown

et al. v. Bailey et al., 159 Pa. 121; Jermyn v. McClure, 195 Pa. 266; Dutton's Est., 208 Pa. 356.

OPINION BY PORTER, J., November 21, 1921:

This action came into the court below upon appeal by the defendants in a proceeding which the plaintiff had instituted before a justice of the peace, by a complaint alleging that he had orally leased to the defendants, for an indeterminate time, a certain tract of land, that he had duly given them notice to quit, which they had refused to do, and invoking the jurisdiction of the justice conferred by the landlord and tenant acts. The justice entered judgment against the defendants, who appealed to the Court of Common Pleas of Centre County. The trial in the court below resulted in a verdict and judgment in favor of the defendants, from which judgment we have this appeal. The appellant thus states the questions involved: "Can a defendant introduce his defense by cross-examination of the plaintiff and his witnesses in matters they have not been interrogated on in chief?" "Can a defendant in a landlord and tenant proceeding for possession, set up a title in herself by exchange, by parol, for land bought by her as a cotenant?"

The first question which the appellant asserts to be involved is supposed to be raised by specifications of error referring to the manner in which the court permitted the defendants to cross-examine the plaintiff. The plaintiff had in his testimony in chief testified that the defendants and a Mr. Siegel had bought a farm from him; that in May, 1915, he went to them thinking they were going to settle up about the farm which he had sold, and which he called the Bean farm; that he found Mrs. Urban had trouble with Mr. Siegel and said she would not remain there; that he tried to fix up things between them, but could not; and that he then gave her permission to move into a house on the Fowler farm, another tract which he owned, and occupy the same for a couple of weeks. The appellant was asked by his coun-

sel to tell just what Mrs. Urban said to him as to why she wanted to get into that house on the Fowler tract, and had given his version of that conversation in his testimony in chief. Having stated that he had sold the Bean farm to the defendants and Mr. Siegel, the court did not abuse its discretion in permitting the defendants to cross-examine him as to the details and all the circumstances within his knowledge which qualified that statement: Jackson v. Litch, 62 Pa. 451. Having given his version of the arrangement under which he permitted the defendants to move into the house, it was entirely proper to permit the defendants to cross-examine him as to all that was said and done at the time, even although the result might be to bring out the facts upon which the defendants relied for their defense: Glenn v. Traction Co., 206 Pa. 135. The specifications of error which raise the first question stated to be involved are overruled.

The only evidence that these defendants entered upon the land in question as tenants or licensees for an indeterminate period was oral. The defendants denied in the pleadings that they ever had been tenants, under the plaintiff, of the land in question. The defense was that there had been a parol exchange of the interest of Mrs. Urban in the Bean farm for the part of the Fowler tract which the defendants occupy, the boundaries of which part had been precisely defined and pointed out. It may, therefore, be said that the answer to the second question involved properly is that even though a party may institute a proceeding under the landlord and tenant statutes, it is always competent for the defendant to show that he did not enter as a tenant, but did enter as owner. The real subject of the complaint of the appellant, upon this branch of the case, is that the defendants were permitted to introduce parol evidence establishing that they entered upon the land in pursuance of an exchange of the interest of Mrs. Urban in the Bean farm for the part of the Fowler tract in question. The evidence produced

by the defendants, to establish the parol exchange, was clear and precise as to the terms of the agreement set up, and the evidence to support that agreement consisted not only of that of the defendants but of two absolutely disinterested witnesses, who were present upon the tract of land and in whose presence the lines were pointed out with precision by this plaintiff.   The evidence was certainly clear and precise, and we find nothing in it which would warrant us in saying that it was not indubitable.   The learned judge of the court below left the question to the jury in a manner of which the plaintiff had no just ground for complaint, saying: "It is for you to determine whether or not the testimony satisfies you beyond a reasonable doubt, that Mr. Markowitz agreed to exchange this land up on the western end of the Fowler farm for the interest that the Urbans had bought in the Bean farm, and, if so, whether or not you are satisfied from the testimony that the limits of the land were clearly defined so there could be no uncertainty about them."·  The evidence as to the possession taken by the defendants, in pursuance of the exchange, was not contradicted.   They entered into possession of the land and made improvements which a building contractor who seemed to be disinterested testified would cost over one thousand dollars.   The evidence as to an exchange of the lands was sufficient to warrant the submission of the case to the jury: Brown v. Bailey, 159 Pa. 121; Jermyn v. McClure, 195 Pa. 245.

The judgment is affirmed.