## Walter *v.* Nu-Car Carriers, Inc., Appellant.

Argued October 2, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Raymond A. White, Jr.,* for appellant.

*Albert C. Gekoski,* for appellee.

OPINION BY DITHRICH, J., November 18, 1946:

The sole question involved in this appeal from the refusal of defendant's motion for judgment notwithstanding the verdict is whether plaintiff was guilty of contributory negligence as a matter of law.

The driver of plaintiff's truck was proceeding north on Twenty-first Street, a one-way street, in Philadelphia. As he approached Christian Street where it intersects Twenty-first Street, the former being a two-way street, he slowed down to about ten or twelve miles per hour in obedience to a "slow" sign on Twenty-first Street and looked both east and west for traffic on Christian Street. His view to the west or to his left was obstructed by an automobile which had stopped near the southerly curve of Christian Street, presumably in obedience to a "stop" sign for traffic entering Twenty-first Street from Christ- ian Street. Seeing no traffic moving in either direction on Christian Street, plaintiff's driver proceeded to cross the intersection, and when the cab of his truck had passed the stopped car, he was then able to see for the first time defendant's truck twenty-five feet away approaching the intersection at a speed of thirty-five to forty miles per hour. Plaintiff's driver swung to his right in an at- tempt to avoid a collision, but the driver of defendant's

truck, ignoring the "stop" sign, crashed into plaintiff's truck after it had proceeded ten feet into the intersection.

It is defendant's contention that plaintiff's driver relied solely on the "stop" sign in crossing the intersection. This contention cannot prevail in the light of the driver's testimony that he did not rely on that "alone", but that he also looked and, as aptly pointed out by the learned court below, ". . . what he saw,—another automobile stopped on Christian Street, West of Twenty-first Street, presumably in obedience to the stop sign,—would lead him to believe that it was safe to proceed." He had no reason to anticipate that another automobile would pass the stopped car and enter the intersection without stopping, and to that extent, at least, he had a right to rely on the stop sign.

In *Graff v. Scott Bros., Inc.*, 315 Pa. 262, 267, 172 A. 659, 661, in a similar situation, the court said: "He was under no obligation to look far down the street to ascertain whether or not some motorist was coming at a reckless rate of speed which would carry him across the intersection in defiance of the red traffic signal."

And in *Harris v. Moran*, 121 Pa. Superior Ct. 16, 18, 182 A. 660, 661, " 'His [plaintiff's] view to the right was blocked by the truck parked at the corner and the evidence discloses that he looked as soon as his vision to the right was unobstructed. At that point the defendant's automobile was already upon him and as defendant's driver testified, was being driven at the rate of 25 miles per hour, at a time when the traffic light was against him. We are of the opinion that the plaintiff took every precaution possible under the circumstances.' With these observations [of the court below] we are in accord." See also *Pellegrini v. Coll*, 133 Pa. Superior Ct. 294, 2 A. 2d 491.

The question of plaintiff's negligence was clearly for the jury.

Judgment affirmed.