Kline *v.* Kachmar, Appellant.

Argued April 13, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Ben R. Jones, Jr.*, with him *James T. Shea* and *Bedford, Waller, Jones & Darling,* for appellant.

*Frank P. Slattery,* with him *James McQuade,* for appellee.

OPINION BY MR. JUSTICE JONES, November 8, 1948:

This is a suit for the recovery of damages for injuries to the plaintiff's person and property in an automobile collision caused, allegedly, by the defendant's negligence. Upon trial, the jury returned a verdict for the plaintiff. The learned court below overruled the defendant's motions for judgment n. o. v. and for a new trial; and, from the judgment entered on the verdict, the defendant appeals and assigns for error the lower court's refusal of his motions.

The reasons advanced in support of the motion for judgment n. o. v. are (1) that the evidence is insufficient to sustain a finding that the collision was due to negligence of the defendant and (2) that the plaintiff was guilty of contributory negligence as a matter of law. The appellant also contends that, had certain of his testimony, given in the plaintiff's case as upon cross-examination, not been currently excluded, the granting of his motion for compulsory nonsuit would have been necessary and that, consequently, he is now entitled to a summary judgment on a reconstructed record. The facts and reasonable inferences favorable to the verdict show the collision to have occurred in the following manner.

Green Street, a through highway in the City of Nanticoke, runs north and south and is intersected at right angles by College Street whereon are erected "Stop" signs for the regulation of traffic on that street as it approaches Green Street from either side. In the late afternoon of a September day, the plaintiff, an elderly man, was driving his automobile in a northerly direction on Green Street toward College Street. As he

approached the intersection, he looked "up and down" College Street, saw nothing and proceeded to cross. When he had reached a point about one-third of the way through the intersection, the defendant's truck (described as a "station wagon") crashed into the left-hand side of the plaintiff's automobile, with the result that both vehicles careened over toward the northeast corner of the intersection. The plaintiff sustained serious personal injuries; and his automobile, which had come to a stop against a telephone pole, was demolished beyond repair. The front of the truck was bent in and one of its headlights was broken. The defendant offered no evidence as to the happening of the accident.

Thus, the plaintiff was driving his automobile on a through highway; when he arrived at the intersection, he saw no vehicle approaching on College Street; and, even if there had been a vehicle on College Street to the west of Green Street (either stopped or in motion), he was on the relative right and first at the crossing. In such circumstances, a jury could properly infer negligence on the part of the defendant from the fact that his truck was driven head-on into the left-hand side of the plaintiff's automobile. Under the facts as the jury presumably found them to be, it was the plain duty of the driver of the truck in approaching the intersection to have his car under such control as to be able to stop and wait in order to give the plaintiff's automobile, already in the intersection, an opportunity to pass by in safety: *Davis v. American Ice Co.*, 285 Pa. 177, 182, 131 A. 720; *Simon v. Lit Bros., Inc.*, 264 Pa. 121, 123, 107 A. 635; *McClung v. Pennsylvania Taximeter Cab Company*, 252 Pa. 478, 480, 97 A. 694. The question of the defendant's negligence was plainly for the jury to resolve.

As to the plaintiff, even though he did have the right-of-way, it was, of course, his duty to look both to his right and left for any approaching traffic on College Street before entering the intersection and to continue so to look while crossing the intersecting street: *Riley*

*v. McNaugher,* 318 Pa. 217, 219, 178 A. 6; *Shapiro v. Grabosky,* 320 Pa. 556, 559, 184 A. 83; *Stevens v. Allcutt,* 320 Pa. 585, 587, 184 A. 85; *Grande v. Wooleyhan Transport Co.,* 353 Pa. 535, 538, 46 A. 2d 241. While it does not appear from the printed record that the plaintiff was specifically interrogated as to whether he had observed that duty, neither is there any evidence that he did not do what he should have done in the circumstances; and the burden of proving contributory negligence was upon the defendant. Nor does the fact that the plaintiff testified that he "didn't see nothing" upon looking up and down College Street convict him conclusively either of not having looked or of not having seen what was visible. Even if the truck at the time was somewhere on College Street to the west of Green, the plaintiff, being on a through highway with a "Stop" sign facing traffic on College Street, was under no obligation to look all the way down the street to ascertain whether or not some motorist was coming at a reckless rate of speed that would carry him across the intersection in defiance of the warning: *Graff v. Scott Bros., Inc.,* 315 Pa. 262, 267, 172 A. 659; *Walter v. Nu-Car Carriers, Inc.,* 159 Pa. Superior Ct. 600, 602, 49 A. 2d 535. The plaintiff was not required to anticipate and guard against a want of ordinary care on the part of the defendant: *Davis v. American Ice Co.,* supra; *Simon v. Lit Bros., Inc.,* supra; and *Wagner v. Philadelphia Rapid Transit Company,* 252 Pa. 354, 359-360, 97 A. 471. Under the evidence in the case, the trial judge could not properly have declared the plaintiff guilty of contributory negligence as a matter of law.

The remaining reason assigned by the defendant for summary judgment in his favor is that his counsel's proposed examination of him, when he was on the witness stand as for cross-examination in the plaintiff's case, was erroneously excluded in violation of the rule laid down in *Conley v. Mervis,* 324 Pa. 577, 587, 188 A. 350,

and that, that being so and the testimony having been later received in evidence in the defendant's case, the procedure adopted in the *Conley* case should now be followed, the record reconstructed so as to show the defendant's testimony as a part of the plaintiff's case and a judgment entered against the plaintiff accordingly.

The plaintiff, having chosen not to rely upon the legal presumption of the truck driver's authority afforded by the admitted facts of record,[1] called the defendant as for cross-examination and asked him whether he owned the truck in question, whether he had in his employ two persons named Feleptko and Onderisin (or Andarisis) and whether these two were on the truck when it left defendant's place of business on the day of the accident to deliver the load of provisions in Nanticoke. The defendant answered each of these questions in the affirmative; and, with that, the plaintiff concluded the cross-examination. Defendant's counsel then undertook to interrogate the witness, intending to ask him whether Onderisin had authority to drive the truck. Upon objection by the plaintiff, the learned trial judge refused to allow the examination on the ground that to do otherwise would enable the defendant improperly to introduce his defense in connection with the plaintiff's case. The testimony so excluded was, however, subsequently

---

[1] The defendant admitted in his affidavit of defense that the truck in question belonged to him, that it was used by him in his meat and grocery business and that it had left his place of business in Wilkes-Barre about eight o'clock in the morning of the day of the accident to deliver meats and provisions in Nanticoke. The affidavit denied, however, that Andarisis (or Onderisin), who admittedly was driving the truck at the time of the accident, had any authority to do so. However, when a motor vehicle involved in an accident is a commercial one, a rebuttable presumption arises that it was being operated at the time on the owner's business by his servant thereunto duly authorized: see *Kunkel v. Vogt*, 354 Pa. 279, 281, 47 A. 2d 195; *Dugan v. McGara's, Inc.*, 344 Pa. 460, 462, 25 A. 2d 718; *Marach v. Kooistra*, 329 Pa. 324, 326, 198 A. 66; *Gojkovic v. Wageley*, 278 Pa. 488, 490, 123 A. 466.

received in evidence in the presentation of the defendant's own case when he testified that, while both Feleptko and Onderisin were employed by him, he had never authorized the latter to drive the truck, Feleptko being the only one so authorized and Onderisin being employed merely as a helper in the loading and unloading of the truck.

Even if the limitation thus placed by the trial judge upon the defendant's examination, when on the stand in the plaintiff's case, was harmful error, the corrective, at most, would be a new trial and not a judgment for the defendant upon a record supposititiously reconstructed in this Court. There is no legal warrant for the procedure adopted in *Conley v. Mervis*,[2] supra, as a moment's reflection will readily confirm.

Sec. 7 of the Act of May 23, 1887, P. L. 158, which permits a litigant's calling his adversary as for cross-examination expressly provides that ". . . the adverse party calling such witnesses shall not be concluded by his testimony . . .". That provision has been uniformly construed to mean that if a litigant "calls his adversary to testify as upon cross-examination, while the testimony thus obtained is not conclusive on the former, but may be rebutted by other proof, yet to the extent that it is not rebutted it is conclusively taken to be true": see *Krell v. Jacobson,* 314 Pa. 522, 527, 172 A. 697, and cases there cited, going back to this Court's earliest construction of the particular statutory provision in *Dunmore v. Padden,* 262 Pa. 436, 439, 105 A. 559 (1918).

Manifestly, therefore, it does not follow that, had the proposed but excluded examination of the defendant in

---

[2] *Conley v. Mervis,* supra, has already been overruled with respect to the other point there passed upon, viz., the appealability of an order denying a motion under the Act of April 20, 1911, P. L. 70, following disagreement of the jury, for judgment on the whole record: see *DeWaele v. Metropolitan Life Insurance Company,* 358 Pa. 574, 579-584, 58 A. 2d 34.

the plaintiff's case been admitted, the plaintiff would not have rebutted it. By what right, then, can a reviewing court subsequently conclude that, had the excluded examination of the defendant been permitted at trial, the plaintiff would have allowed such testimony to go unrebutted? Yet, such is the violent assumption that must necessarily be made as a prerequisite to the procedure approved in the *Conley* case. Certain it is that, had the defendant's testimony in such connection been received in the plaintiff's case and had the plaintiff offered further testimony in contradiction thereof, as it would have been his right to do, a nonsuit could not properly have been entered below nor, by the same token, a judgment for the defendant given here on the basis of the defendant's self-serving testimony supposedly binding on the plaintiff only because of an unwarranted assumption. It is beyond dispute that, in the circumstances now under consideration, a plaintiff cannot be arbitrarily concluded by testimony whose binding effect has not been conclusively established. It follows from what we have said that a judgment for the defendant may not be summarily entered on the basis of the record which this case presents.

That brings us to the defendant's motion for a new trial which also is based upon the alleged error in the trial court's limitation of the defendant's examination in the plaintiff's case. Where a defendant is called by the plaintiff as for cross-examination, it is proper for the court to deny the witness' counsel permission to examine him at that stage as to matters designed to introduce his main defense: *Corkery v. O'Neill,* 9 Pa. Superior Ct. 335, 339-340. The witness may, of course, be examined as to anything legitimately growing out of or related to the matters inquired about in his cross-examination by the plaintiff: see *Corkery v. O'Neill,* supra; and also *The Scrantonian v. Brown,* 36 Pa. Superior Ct. 170, 176-177. Consequently, the learned

trial judge might properly have permitted the defendant to be examined by his counsel with respect to Onderisin's authority as an off-set to the inference afforded by the facts elicited by the plaintiff. But, at the same time, the exclusion of the indicated testimony *at that stage of the trial* was not, *ipso facto,* error.

In determining the permissible scope of the examination of a party by his own counsel, when called to the witness stand by his adversary as for cross-examination, the courts have generally applied the rules relating to the cross-examination of a witness who is not a party to the record and who is produced for direct examination. In *Jackson v. Litch,* 62 Pa. 451, 455, Mr. Justice SHARSWOOD quoted with approval the statement in *Helser v. McGrath,* 52 Pa. 531, 533, that "These rules, as well as all others on the order of examination of witnesses and the introduction of testimony, have for their object the eliciting of truth and the preservation of the equality of the rights of parties in trials in courts. Much, however, must still be left to the discretion of the judge. Neither the rule nor the exception must be allowed, if it can be prevented, unduly to prejudice the parties. The exercise of a prudent discretion by the judge is the only guard against this in many cases." In *Quigley v. Thompson,* 211 Pa. 107, 109, 60 A. 506, it was said that,—"While the general principles applicable to the subject are clearly defined, it is in practice often difficult to determine the exact limits of proper cross-examination. Its range must of necessity rest largely in the discretion of the trial judge," quoted with approval in *Littieri v. Freda,* 241 Pa. 21, 27, 88 A. 82; see also *Glenn v. Philadelphia and West Chester Traction Company,* 206 Pa. 135, 137, 55 A. 860; *Thomas & Sons v. Loose, Seaman & Co.,* 114 Pa. 35, 47, 6 A. 326. As was said in *Hughes v. Westmoreland Coal Company,* 104 Pa. 207, 213,—"In the order of examination of witnesses and the introduction of testimony, much must be left to the

discretion of the court below. This Court has rarely, if ever, reversed for an error in permitting a violation of the rules relating to cross-examination which did not result to the prejudice of a party." To similar effect, see *Thomas & Sons v. Loose, Seaman & Co.*, supra, at p. 47.

Such continued to be the status of the germane law until the reversal in *Conley v. Mervis*, supra, on the question of proper reëxamination. Except for that case and subsequent rulings based on its authority, not a single instance has come to our attention where a trial court in Pennsylvania has ever been reversed for exercising its discretion in favor of restricting the defendant's cross-examination of the plaintiff's witnesses so as to prevent him from introducing his defense in the plaintiffs case unless the defendant would thereby be precluded from ultimately putting upon the record elsewhere in the trial the matter so excluded. Ordinarily, it has been considered a sound exercise of trial discretion for a judge to restrict the scope of examination so as to keep the presentation of evidence in proper sequence. The underlying justification for the rule was well stated in the *Hughes* case, supra, where it was said at p. 213 that "... to permit a party to lead out new matter, constituting his own case, under the guise of a cross-examination, is disorderly and often unfair to the opposite party."

But, assuming that the restriction placed by the trial judge upon the defendant's examination in the plaintiff's case was error, it was not harmful to the defendant and, therefore, not reversible error. A limitation upon the cross-examination of a witness in the adversary's case is not harmful and, consequently, not grounds for reversal when the party so restricted has an opportunity to, and does, put the excluded testimony on the record in the presentation of his own case. Such has been the rule uniformly followed by this Court for many years: see *Zimmerman v. Pennsylvania Railroad Company*, 302

Pa. 406, 408, 153 A. 721; *Curry v. Riggles,* 302 Pa. 156, 162, 153 A. 325, where the "error was cured, . . ., by the subsequent admission of the same testimony"; *Jarvis, Trustee, v. Bell,* 296 Pa. 568, 574, 146 A. 153, where it was said that "a judgment will not be reversed because of the exclusion of evidence where substantially the same is subsequently admitted"; *Bruggeman v. City of York,* 254 Pa. 430, 436, 98 A. 970; *Creachen v. Bromley Brothers Carpet Company,* 214 Pa. 15, 17, 63 A. 195; *Hicks v. Harbison-Walker Co.,* 212 Pa, 437, 441, 61 A. 958, where it is pointed out that, even though the rejection of certain evidence was error, "the [offeror] did not suffer by it, as he afterwards called the witness himself, and had full opportunity to have him testify as to the matters contained in the rejected offer"; *Fitzpatrick v. Union Traction Co.,* 206 Pa. 335, 338, 55 A. 1050, where the witness "was permitted to testify to substantially the same allegations as those contained in the rejected offers", the exclusion was harmless error; *Collins v. Houston,* 138 Pa. 481, 493, 21 A. 234; *Worral v. Pyle,* 132 Pa. 529, 533, 18 A. 341. In the *Bruggeman* case, supra, this Court said that,—"We have frequently held that a case will not be reversed because of the exclusion of testimony where the witness is subsequently permitted to testify to substantially the same matters as were contained in rejected offers or in the evidence excluded: [citing cases]." Or, as stated by Mr. Justice SHARSWOOD in *Jackson v. Litch,* supra, at p. 456,—"It may be concluded from these authorities [on proper scope of cross-examination] that in order to reverse, it must be an extreme case, in which *discretion has been abused* and in which it is apparent that *the party has been injured"* (emphasis supplied).

The only suggestion of harm in the lower court's ruling which has been urged upon us is that, if the excluded testimony had been received in the plaintiff's case and had not been by him rebutted, it would have been conclusive upon the plaintiff; wherefore, the defendant

would have been entitled to a nonsuit because of the lack of authority of the driver of the defendant's truck thus appearing in the plaintiff's case. The defendant's complaint in such regard relates merely to a procedural advantage, the denial whereof did not deprive him of any substantive right. A trial at law is intended to be more than a mere test of the relative skills of opposing counsel in matters of form and technicality. Moreover, if a re-trial were ordered in the instant case, what certainty is there that the defendant would again have an opportunity to testify in the plaintiff's case? The motion for a new trial was properly refused.

Judgment affirmed.