# Jenkins, Appellant, *v.* Minersville Borough.

*Road law—Change of grade—Municipal authority—Jurisdiction—Common pleas—Boroughs—Act of May 24, 1878, P. L. 129.*

Where on exception filed in the court of common pleas to a report of viewers, awarding damages for a change of grade of a street in a borough, the evidence shows that no ordinance or resolution of the borough council had ever been passed which provided for or authorized any change in the grade of the street in question, nor that there had ever been any adoption of a change of grade after it had been made, nor that there had been in fact any physical change in the grade, the court commits no error in sustaining the exception on the ground of lack of jurisdiction, and in dismissing the proceedings.

## 424 JENKINS, Appellant, v. MINERSVILLE BORO.

Argued Dec. 8, 1909.  Appeal, No. 119, Oct. T., 1909, by plaintiff, from order of C. P. Schuylkill Co., Nov. T., 1908, No. 104, sustaining exception to award of jurors in case of Rosaline Jenkins v. Minersville Borough.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Exception to award of jury of view.

The court in an opinion by SHAY, P. J., sustained the exception and dismissed the proceedings at the costs of the plaintiff.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court sustaining the exception and dismissing the proceedings.

*J. W. Clemens*, for appellant.—The evidence plainly proves that the improvements on North street, to wit, straightening the curbs, building new gutters and laying pavements, resulting in a change of grade and consequential injury to the real estate of the plaintiff, was authorized and made by the defendant borough, for which said borough was just as responsible as if they had specifically and directly ordained a change of grade: Power v. Ridgway Boro., 149 Pa. 317; White v. Mc-Keesport Boro., 101 Pa. 394; Harp v. Glenolden Boro., 28 Pa. Superior Ct. 116; McKee v. Pittsburg, 7 Pa. Superior Ct. 397; Curran v. East Pittsburg Boro., 20 Pa. Superior Ct. 590.

*John B. McGurl*, for appellee.—That a change of the lines or grades of a street is illegal if done without ordinance has been held in numerous cases: Oakdale Boro. v. Sterling, 43 W. N. C. 123; Western Penna. Ry. Co. v. Allegheny, 92 Pa. 100; Hershberger v. Pittsburg, 115 Pa. 78; Morewood Ave., 159 Pa. 39; Reap v. Scranton, 7 Pa. Superior Ct. 32; Brink v. Dunmore Boro., 174 Pa.. 395; Gilmore v. Connellsville Boro., 15 W. N. C. 342.

That the proceedings by view as taken in this case cannot be sustained is conclusive from the circumstances as revealed in the testimony and by the whole record as now at bar: Stork v. Philadelphia, 195 Pa. 101; Cooper v. Scranton, 21 Pa. Superior Ct. 17; Fyfe v. Turtle Creek Boro., 22 Pa. Superior Ct. 292; Chatham Street, 16 Pa. Superior Ct. 103.

OPINION BY PORTER, J., November 21, 1910:

The appellant presented her petition to the court below, under the provisions of the Act of May 24, 1878, P. L. 129, entitled, "An Act for appointing viewers to assess damages where streets and alleys are changed in grades or location, in the several boroughs of the Commonwealth," praying for the appointment of five disinterested citizens as viewers to ascertain and determine the damages resulting to her property from an alleged change of grade of North street. The petition set forth that the appellant had owned the property for fifteen years, during which period North street had been a graded highway of the borough, and that within six years last past the borough had changed the grade of the street thereby causing damage to plaintiff's property. The court appointed viewers who in due time filed a report finding that the property of the plaintiff had been damaged. The borough filed exceptions to this report, the first of which was: "The Court of Common Pleas has no jurisdiction in this case for the reason that there was no change of grade or alteration made by the defendant or by the authority of the said defendant," which exception the court below sustained, and dismissed the proceeding at the cost of the plaintiff. The plaintiff appeals from that order.

The exception which the court below sustained did not challenge the general jurisdiction of the court, under the statute in question, to appoint viewers to ascertain damages resulting to property from the change of grade of a borough street. The ground upon which the exception was based was that in this case the borough did not come

within the provisions of the statute for the reason that it had not made or authorized the making of any change in the grade of the street. The words of the statute which confer the jurisdiction, which the plaintiff had invoked are: "In all cases where the proper authorities of any borough within this Commonwealth, have or may hereafter change the grade or lines of any street or alley," etc. The statute does not render a borough liable for damages resulting from the grade of a street when the change is not made or authorized by the proper authorities of the borough. This exception raised a question of fact; had the proper borough authorities made or authorized a change in the grade of North street? The parties to the proceeding presented such testimony as they desired for the purpose of determining this question of fact. The ordinance book of the borough was produced and the proper borough officials were called as witnesses; and the testimony, documentary and oral, established that no ordinance or resolution of the borough council had ever been passed which provided for or authorized any change in the grade of the street. This much is conceded by the learned counsel for the appellant. The plaintiff called a number of witnesses whose testimony established that the borough had by resolution ordered the straightening of the curbs on the street and authorized and contracted for the construction of a "ten brick gutter" in the street. There can be no question that it is competent to prove that a change in a street has been made by authority of a municipality by evidence other than its records or other documents: Weir v. Plymouth Borough, 148 Pa. 566; Bohan v. Avoca Borough, 154 Pa. 404; Rothwell v. California Borough, 21 Pa. Superior Ct. 234; but municipal recognition of the improvement must be proved, either by municipal action in the first instance or by acquiescence and subsequent adoption: Philadelphia v. Eddleman, 169 Pa. 452; Chester City v. Evans, 32 Pa. Superior Ct. 641. The way was open for the appellant to produce some evidence that the change in the street, if there had been a change in the grade, had been

in the first instance authorized by the borough or subsequently adopted by it. The appellant has printed in her paper-book the evidence which she presented in the court below, when her standing to maintain this proceeding was challenged by the exception. There is nothing in that evidence from which a jury should be permitted to find that there was even any physical change in the grade of the street, much less that the borough had authorized such a change. Had the plaintiff produced any evidence which would have warranted the submission to a jury of the question whether the borough had made a change in the grade of the street, or authorized such a change, or adopted it after it had been made, it would have been the duty of the court, owing to the peculiar wording of this statute and the nature of the proceeding, to have overruled the exception and let the parties take their chances upon an appeal and a trial by jury, under the Act of June 13, 1874, P. L. 284. The evidence which the plaintiff had produced before the board of viewers, if any evidence as to a change in the grade of the street was produced at that stage of the proceeding, was not before the court when it came to pass upon this exception, nor is it presented here, the appellant very properly having refrained from printing it in her paper-book. The plaintiff having failed to produce any evidence whatever tending to establish the facts which gave the court jurisdiction to entertain the proceeding, the exception was properly sustained.

The order of the court below is affirmed and the appeal dismissed at cost of the appellant.