# Beck v. Philadelphia Automobile Trade Association, Appellant.

*Evidence—Witnesses—Plaintiff as his own expert—Discretion of court—Review—Cross-examination.*

1. The plaintiff in an action may testify as an expert witness for himself. The same qualifications apply to him as they would to any other witness.

2. Where a witness is called to give an opinion, and it appears that he has some knowledge of the thing in question, the extent of this knowledge necessary to found an opinion and its applicability to the matters in hand, are questions largely within the discretion of the trial court, and unless abused to the injury of the complaining party, this discretion will not be disturbed.

3. Where a witness called as an expert testifies as to the value of certain decorating material and furniture which had been used for a short time in an automobile show and testifies that they were worth only one-twentieth of the value fixed by expert witnesses for the other side, he may, on cross-examination, be asked for the purpose of testing his credibility, the original cost of the material in question. The al-

lowance of such a question is not such an abuse of discretion on the part of the trial judge as would amount to reversible error.

*Evidence—Interjection of defense on cross-examination—Redirect examination.*

4. As a general rule it is improper to permit a defendant to interject a defense on cross-examination; but where this has been permitted the plaintiff is entitled, on redirect examination, to correct any wrong impression left in the minds of the jury.   .

Argued Oct. 20, 1914.   Appeal, No. 85, Oct. T., 1914, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1912, No. 5,631, on verdict for plaintiff in case of J. Henry Beck v. Philadelphia Automobile Trade Association.   Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.   Affirmed.

Assumpsit for the recovery of commissions on the profits of an automobile show.   Before AUDENRIED, J.

The facts are stated in the opinion of the Superior Court.

At the trial the court under objection and exception permitted the plaintiff to testify as an expert witness as to the value of certain decorative material and furniture which had been used in the show. [1]

The court also permitted the plaintiff under objection and exception to testify as to his duties under contracts for previous shows. [2]

When Charles T. Ashman, a witness for defendant, was on the stand he was asked this question: "Q. Is it not a fact that the Automobile Trade Association paid to you for that decorating material that you just mentioned about $15,000?   A. No.   Q. How much did they pay?"

Mr. Harrigan. That is objected to as immaterial and irrelevant.

The Court: The objection is overruled.   The jury will understand that what they may have paid is no evidence at all of market value of the stuff after it was used and ready to be sold.

"A. They paid in 1911—— Q. Take 1912. A. $8,975. Q. They paid you $8,975. This decorating material was all in use after 1912 show? A. They sold it to the regiment down there. I don't know the figures, but for $175, I think, and left it standing there." [3]

Verdict and judgment for plaintiff for $207.20. Defendant appealed.

*Errors assigned* were (1–3) rulings on verdict, quoting the bill of exceptions.

*Frank A. Harrigan,* for appellant.

*Harvey Gourley,* for appellee.

OPINION BY KEPHART, J., February 24, 1915:

The defendant held an annual automobile show in the city of Philadelphia. The plaintiff, for a number of years, was the defendant's secretary and manager of the show, and for his services as manager received a commission of five per centum on the net profits as realized. For the year 1912 the admitted net profits were $49,800 in cash; the plaintiff received all but $10.00 of the commission due him on this amount. He claims that in addition to the cash net profits there should be added the value of the show material after its use in the 1912 show, as a portion of the cash net profits was used in purchasing this material. The plaintiff testified as an expert. It appears from the evidence that he had some knowledge of the value of all this material except the columns and matting; that he sold some of the same lot after the show was over. His testimony excluded the articles, the worth of which he did not know. The mere fact that the witness was the plaintiff would not disqualify him. The same qualifications apply to him as they would to any other witness, and where a witness is called to give an opinion and it appears that he has some knowledge of the thing in question, the extent of this

knowledge necessary to found an opinion and its applicability to the matters in hand are questions largely within the discretion of the trial court, and unless abused to the injury of the complaining party, this discretion will not be disturbed. The first assignment of error is overruled.

The defendant presented a counterclaim against the plaintiff for commissions on the show's advertising contracts, charged to have been wrongfully taken by the plaintiff while in the defendant's employ. In an attempt to develop this counterclaim on cross-examination, the plaintiff was asked what was meant by a certain minute appearing on the books of the committee. The answers tended to show that the allowance of the commission was for the show's committee. The witness, on re-direct examination, was asked if he had received commissions from the show's advertising contracts in years prior to 1912; the 1912 advertising contract being made in the same manner as the advertising contracts in previous years, for which years plaintiff received a commission. The proper interpretation of this minute was to be found in the manner in which these previous advertising contracts were handled. This re-direct examination, assigned for error, was proper in view of the cross-examination. As a general rule it is improper to permit a defendant to interject a defense on cross-examination: Bohan v. Avoca Borough, 154 Pa. 404. Where this has been permitted, the plaintiff is entitled, on re-direct examination, to correct any wrong impression left in the minds of the jury. It also appears that this commission of twenty-five per centum, received by the plaintiff, alleged to be wrongfully taken, was known to the treasurer of the show committee and to the board of directors. The latter body made an investigation of this charge, and after hearing, gave the plaintiff a letter clearly exonerating him from wrongdoing. The second assignment of error is overruled.

Charles T. Ashman, a witness for the defendant, was

decorator for this and previous shows.   He testified as to the condition of this material and expressed his opinion as an expert as to its value, placing it at a very low figure.   To affect the credibility of the witness and to show his general knowledge he was asked, on cross-examination, values of the particular articles, and was then asked how much the automobile trade association paid for all the decorating material.   This was admitted by the court with the caution to the jury "that what they may have paid was no evidence at all of market value of the stuff after it was used and ready to be sold." The cross-examination of a witness should be confined to matters in regard to which he has been interrogated in chief, or to such questions as may tend to show his bias, interest or relation to the party calling him; or test his knowledge, integrity and accuracy of statements: Glenn v. Phila. & West Chester Traction Co., 206 Pa. 135.   While this is the rule yet the range of cross-examination must, to a very great extent, be left to the sound discretion of the trial judge, and unless that discretion has been plainly abused, it is not ground for reversal: Bohan v. Avoca Borough, 154 Pa. 404.   The witness was in the employ of the defendant.   He placed the value of the second-hand material at $175, one-twentieth of that fixed by the plaintiff's witnesses.   It was some evidence for the jury to consider the difference between the cost, some $9,000, and the figure placed by this witness, not as fixing its value as secondhand material, but as affecting the credibility of the witness, whether it was possible, in view of the articles in dispute, chairs, desks, tables, paintings, etc., that had been used but a few weeks, that there could be such a shrinkage from the price paid to the value the witness placed on them. The cross-examination was not such an abuse of discretion on the part of the trial judge as would amount to reversible error.   The third assignment of error is overruled.

Judgment affirmed at the cost of the appellant.