In re Change of Grade Borough of Dorranceton.

*Road law—Change of grade—Physical change—Borough streets —Authority of council.*

When a plaintiff seeks to recover of a borough damages alleged to have resulted from a change of grade of a street the burden is upon him to show that the change was made by the proper authori-

116, (1919).]        Syllabus—Arguments.

ties of the borough, either by municipal action in the first instance or by acquiescence and subsequent adoption.

The power to establish the grade of a street or to authorize a physical change of grade is vested exclusively in the borough council and the engineer of the borough has no authority to establish such a grade.

Argued March 7, 1918.  Appeal, No. 20, March T., 1918, by plaintiff, from judgment of C. P. Luzerne County, Oct. T., 1912, No. 1373, for defendant non obstante veredicto, in issue framed with George W. Sands, as plaintiff, and Borough of Dorranceton, defendant.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Appeal from award of jury of view.  Before O'BOYLE, J.

The facts are stated in the opinion of the Superior Court.

At the trial the jury returned a verdict for the plaintiff.  Subsequently the court entered judgment for defendant n. o. v.

*Error assigned* was the entering of judgment n. o. v.

*J. P. Lord,* and with him *Rush Trescott,* for appellant. —The act of the officers or agents of a borough in changing the grade of a street without an ordinance authorizing it in the first instance may be ratified by the borough subsequently: Deer v. Sheraden Borough, 220 Pa. 307; Tarentum Borough v. Moorhead, 26 Pa. Superior Ct. 280; In re Shiloh Street, 165 Pa. 386.

The only question to be considered was the one in the issue framed: Beaumont v. Lane, 3 Pa. Superior Ct. 73; White v. Rech, 171 Pa. 82; Sheetz v. Hanbest's Executors, 81 Pa. 100; Knowles v. Jacobs, 4 Pa. Superior Ct. 272; McMurray Heirs v. City of Erie, 59 Pa. 225.

*H. A. Gordon,* and with him *B. W. Davis,* for appellee. —The change in grade could only be done by the borough

authorities: Kittanning Boro. v. Thompson, 211 Pa. 169;
Dillon on Munic. Corp., Vol. IV, p. 2403, parag. 1383;
Vol. I, 460, parag. 244.

Municipal recognition must be approved either by municipal action or acquiescence and acceptance: West Washington St., 41 Pa. Superior Ct. 45 (47); In re Pettibone Street, 12 Lack. Jur. 225; Jenkins v. Minersville Borough, 44 Pa. Superior Ct. 423 (426); Philadelphia v. Eddleman, 169 Pa. 452; Chester City v. Evans, 32 Pa. Superior Ct. 641 (644); Schortz v. Nazareth Boro., 10 North. Co. 395; Wilkes-Barre Paper Mfg. Co. v. Wilkes-Barre, 5 Kulp 333 (336-337); Shawmut Ave., 5 D. R. 190; Patterson v. City of Pittston et al., 8 Kulp 530 (539).

OPINION BY PORTER, J., February 28, 1919:

The appellant presented his petition to the court below, under the provisions of the Act of May 24, 1878, P. L. 129, as amended by the Act of April 27, 1911, P. L. 89, alleging that the authorities of the Borough of Dorranceton had changed the grade of West Park Place in front of his property, and praying for the appointment of viewers in accordance with the provisions of the statute. The viewers reported that the property of the petitioner had been damaged, from which report the borough appealed. Upon the trial a verdict was rendered in favor of the plaintiff, but the court entered judgment in favor of the defendant non obstante veredicto. The petitioner appeals from that judgment.

The appellant testified that he had, in 1912, received a notice to lay a sidewalk in front of his property, that he had employed a contractor to lay the sidewalk and he produced other testimony which would have warranted a finding that the contractor laid the sidewalk at a grade given him by the borough engineer, and that the sidewalk thus laid was about nine inches higher than the cinder sidewalk which had formerly occupied the space. This was the only change which had been made in the

116, (1919).]        Opinion of the Court.

grade of any part of the street.  The work was done by the contractor employed by the appellant and there was no evidence that the proper borough authorities had acquiesced in or approved it.  The borough council had never even established a paper grade for the street, much less authorized a physical change of grade.  The only ground upon which it is sought to charge the borough is that the borough engineer had given to the appellant's contractor a grade at which the sidewalk should be laid. The engineer of a borough has no authority to establish a grade of a street or to authorize a physical change of grade, that is a power vested exclusively in the council. When a party seeks to recover of a borough damages alleged to have resulted from the change of the grade of a street, the burden is upon him to show that the change was made by the proper authorities of the borough, either by municipal action in the first instance or by acquiescence and subsequent adoption:  Kittanning Borough v. Thompson, 211 Pa. 169;  Hicks v. Williamsport, 235 Pa. 509;  Jenkins v. Minersville Borough, 44 Pa. Superior Ct. 423.  The learned judge of the court below did not err in entering judgment in favor of the defendant notwithstanding the verdict.

The judgment is affirmed.