March *v.* Evans, Appellant.

Argued December 11, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Robert T. Potts,* for appellant.—Evidence offered at a trial must be confined to the point at issue: First

National Bank of Carlisle v. Graham, 79 Pa. 106; Simpson v. Irvin, 5 Pa. Superior Ct. 471.

*Robert Trucksess,* for appellee.—The range of cross-examination must, to a very great extent, be left to the sound discretion of the trial judge: Bohan v. Avoca Borough, 154 Pa. 404, and Jackson v. Litch, 62 Pa. 451.

OPINION BY BALDRIGE, J., February 28, 1930:

This action was brought to recover the price of a cow sold to the defendant on February 6, 1928.

The defense was set up (a) that the cow was injured by the carelessness of the plaintiff in unloading her from a truck when she was delivered at his farm, and (b) that she was warranted to be "all right," "free from tuberculosis" and "from an accredited herd." The jury found for the plaintiff.

The main complaint of the appellant is admitting over objection the following questions asked him on cross-examination and his answers:

"Q. When you had the first knowledge that this cow was afflicted with tuberculosis, why did you not have three appraisers appointed in conformity with the Act of 1913—

"Q. At any rate, you did not have three appraisers appointed to place a value upon the cow?

"A. No, I did not.

"Q. Are you familiar with the law?

"A. I am familiar with the custom, but not the details of the law.

"Q. You know under this law, that a cow afflicted with tuberculosis, the procedure is to have three appraisers appointed by the State officials, and have an appraisal made of the cow, and then two-thirds of the value paid to the owner; you are familiar with that law?

"A. Yes, but that applied—

"Q. (Interposing) Answer the question, yes or no?

"A. Yes."

The Act of the 22d of July, 1913, P. L. 928, referred to, provides as follows:

"Section 21. Whenever, to prevent the spread of disease, it shall be deemed necessary by any member, officer, or agent of the State Livestock Sanitary Board, to cause any domestic animal to be killed, the State Veterinarian may cause to be paid to the owner of such animal two-thirds of the fair market value thereof, taking into consideration the condition of the animal as to disease, and the nature and extent of the disease, and its present and probable effect on the animal, and having regard to the probable sums to be derived from the sale of the carcass, hide, and offal. The amount paid by the State shall in no case exceed—for a horse, jack or mule, the sum of sixty dollars; for a non-registered bovine animal, the sum of forty dollars; for a registered bovine animal, the sum of seventy dollars; for a sheep or pig, the sum of ten dollars. The amount paid by the State, together with the estimated value of the carcass, hide, and offal, shall not exceed ninety per centum of the fair market value of the animal. When any animal is so killed the owner, subject to such regulations as may be prescribed by the State Livestock Sanitary Board, may dispose of the whole or any part of the carcass, and of the hides and offal, in such manner as may not tend to spread disease or affect the health of the public."

Dr. Massinger, a veterinary accredited by the State, called by the defendant, testified that on February 16, 1928, he examined the cow for injuries which it is alleged she sustained in unloading her. On March 18th he made another visit, when he discovered that the animal had tuberculosis. Dr. Massinger reported the result of his examination to the State Livestock Sanitary Board. He further testified as follows: "The cow was branded and tagged, and ordered to be sold,

according to the regulations under which we work, and slaughtered.''

We are of the opinion that the cross-examination was entirely proper. If there was a breach of an express contract, as alleged by the defendant, the proper measure of damage was the difference between the value of the cow at the time of the sale and her value as represented by the plaintiff: Freyman v. Knecht, 78 Pa. 141; Reynolds v. Ramsey, 56 Pa. Superior Ct. 97; Williston on Sales, 2d Edition, Sec. 613. The price the defendant agreed to pay was the prima facie value of the cow, if she was as represented. It was important to ascertain her value in the condition she was alleged to be by the defendant. If we assume the plaintiff breached the contract, it was the duty of the defendant to exert himself reasonably in disposing of the cow so as to lighten the loss. He was required to take advantage of any reasonable opportunity to get the best price for her: Joseph v. Richardson, 2 Pa. Superior Ct. 208; Shoe v. Maerky, 35 Pa. Superior Ct. 270; Williston on Sales, 2d Edition, Sec. 599-G; 8 R. C. L. 442; Beck v. Phila. Auto. Trade Association, 59 Pa. Superior Ct. 145. If he was acquainted with the Act of 1913 and could have obtained more money for the cow by disposing of her as therein provided, he should have done so. Any testimony that would show an available market, or an advantageous method of disposing of the cow, or that would elicit the extent of the reasonable efforts of the defendant to reduce or avoid the damages, was pertinent.

The appellant contends that the witness' attention was not called to the Act of 1913 in his direct examination, but he was the defendant in the case and the courts usually permit a wider range of cross-examination of a party to an action than of a witness. The extent of a cross-examination must be largely left to the sound discretion of a trial judge, and unless that discretion has been clearly abused to the injury of the party com-

**514**

plaining, it is not sufficient ground for reversal: Bohan v. Avoca Borough, 154 Pa. 404.

In Jackson v. Litch, 62 Pa. 451, Mr. Justice SHARS-WOOD, in referring to the scope permitted in a cross-examination, said, "Yet I have not been able to find a single case in which this court has reversed on that ground. It has generally been considered as a matter within the sound discretion of the court below, and in Schnabel v. Doughty, 3 Barr 392, though the Supreme Court thought that the rule had been violated they distinctly refused to reverse." See also Glenn v. Phila. and West Chester Traction Co., 206 Pa. 135. We find no basis for the contention that there was an abuse of discretion by the trial judge in overruling the objection, or that such inquiries were misleading or confusing to the jury.

We must accept the finding of a jury that there was no warranty. Therefore, this cross-examination tending to establish that more could have been obtained for the cow than the amount received by the defendant did not prove to be a material factor in the case. If there was an error, which we do not concede, it could not have worked such a manifest injury to the defendant, in view of the verdict, as to justify this court in disturbing the lower court's action. The appellate courts do not reverse for asking an improper question if no harm resulted: Scott v. Baker, 37 Pa. 330.

Judgment of the lower court is affirmed.